# ROBERT G. LOPEZ
230 Clinton Street - Apt. 11C
New York, New York 10002
(917) 868-1698

January 11, 2017

**HAND-DELIVERED**

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square – Courtroom 706
New York, New York 10007

Re: **Robert G. Lopez v. BigCommerce, Inc. and Google, Inc.**

**Civil Action No. 16-CV-08970 (JPO)**

Dear Judge Oetken:

I am the pro se Plaintiff in the above-identified action.

I am writing in response to Mr. Willen's January 10, 2017 Request for Extension of Time to Answer the First Amended Complaint in this action on behalf of Google, Inc.

Regrettably, Mr. Willen has attempted to deceive Your Honor and the Court by knowingly making disingenuous and patently false representations in his effort at securing an extension in this case, while also attempting to make me seem uncooperative in this matter.

I respectfully object to the granting of any such extension request for the following reasons.

On November 18, 2016, the filing date of the current action, I immediately provided Google and its attorneys with a courtesy copy of the Complaint for its review and consideration.

On November 30, 2016, Mr. Willen sent Plaintiff a letter acknowledging that he had an opportunity to review the contents and claims alleged in the Complaint.

On December 22, 2016, the filing date of the First Amended Complaint in this action, Plaintiff likewise immediately provided Google and its attorneys with a courtesy copy of the Complaint for its review and consideration. (**Plaintiff notes that the only change in the First Amended Complaint filed was the addition of one (1) single paragraph alleging that Google was provided notice of the infringement, but was otherwise identical to the originally filed complaint in this action which had already been thoroughly reviewed by Mr. Willen well in advance of the Christmas and New Year Holidays that recently past**).

On December 22, 2016, Plaintiff sent Mr. Willen an email communication and inquired **"Please advise whether your firm will accept service of process of the Summons & Complaint on behalf of Google, Inc. as a courtesy."**

Upon not receiving any response to my accepting service of process inquiry, Plaintiff followed up in a December 28, 2016 email to Mr. Willen and stated **"I presume that your client has not authorized you to accept service of process of the Summons and Complaint on its behalf."** Mr. Willen responded to the aforementioned email and indicated that he would get back to me in the New Year.

Upon not hearing from Mr. Willen by the close of business on January 3, 2017, Plaintiff hired a process serving company to effectuate service of the Summons & Complaint on Google in an effort to promptly move forward with the litigation. (See Exhibit A).

It wasn't until January 4, 2017, (after Plaintiff had already incurred the expense of hiring a process server) that Mr. Willen sent an email communication to Plaintiff stating **"If you do want to litigate this matter, I will accept service of the complaint under the procedures authorized by Fed. R. Civ. P. 4(d)."**

Despite Mr. Willen's delayed consent to accept service in this matter, the fact remains that he failed to provide Plaintiff with a definitive confirmation of accepting service when he had an opportunity to do so when I made the inquiry on December 22nd and December 28th which resulted in me incurring the unnecessary expense of hiring a process server.

Plaintiff would like to note that Mr. Willen is the lead litigator on behalf of Google and has represented it in many litigation matters over the years of his representation of the company. In that capacity, he could have easily granted my request to accept service on its behalf to provide me with the courtesy I was seeking.

In any case, Mr. Willen has had an ample and sufficient opportunity to thoroughly review both the originally filed Complaint as well as the First Amended Complaint in this action and his request for an extension is for no other reason than to engage in delay tactics in moving forward with the litigation.

Even if he will be traveling as stated in his January 10, 2017 letter to Your Honor, I note that there are additional attorneys in his firm that have already been assigned to handle this matter including Deborah Grubbs, Esq. and Jason Mollick, Esq. as well as Paralegal Coordinator Anthony M. Geritano from Mr. Willen's law firm.

A responsive pleading from Mr. Willen and/or his associates on behalf of Google would be submitted electronically via the ECF system and not require any Court appearance so again his extension request is for no other reason than to engage in delay tactics particularly in view of the fact that Google's legal team has already had a sufficient opportunity to review the claims alleged in both the original and First Amended Complaint filed in this action.

In view of the above facts, it is clear that the statements in Mr. Willen's January 10, 2017 letter to Your Honor such as "**Plaintiff refuses to consent to the requested extension...,**" as well as "**Plaintiff has also written to Google's counsel as follows: "I would like to make it clear that I will not be extending any courtesies at all to Google throughout the course of us litigating this matter.**," was a disingenuous attempt at deceiving Your Honor and the Court to obtain an extension request that was inconsistent with the actual facts and circumstances of this matter.

Accordingly, Plaintiff respectfully request that Mr. Willen's Request for Extension of Time to Answer the First Amended Complaint be denied and that Rule 11 sanctions be imposed against him for signing a motion pleading to the Court that contained false representations to Your Honor. (Mr. Willen was well aware that I had already hired a process server prior to receiving his consent to accept service but still chose to deceive Your Honor in his January 10, 2017 letter by stating "**Plaintiff...formally served Google on January 4, 2017 (even though Google's counsel had agreed to accept a service waiver under Fed. R. Civ. P. 4(d))."**

Plaintiff thanks Your Honor for his attention to this matter and for the Courts consideration in granting his request to deny Defendant's motion for an extension to answer the First Amended Complaint.

<div style="text-align: right;">
Respectfully submitted,

*[signature]*

Robert G. Lopez
</div>

c  Brian M. Willen
   Wilson Sonsini Goodrich & Rosati
   1301 Avenue of the Americas – 40<sup>th</sup> Floor
   New York, New York 10019

**EXHIBIT A**

 **Robert G Lopez &lt;lesclothing@gmail.com&gt;**

## Service of Process -

**Robert G Lopez** &lt;lesclothing@gmail.com&gt;            Tue, Jan 3, 2017 at 4:43 PM
To: Alexander Poole &lt;info@alexanderpoole.com&gt;
Bcc: sreveron.537@gmail.com

I am interested in having the attached Summons & Complaint served on Google, Inc. The registered agent of Google, Inc. is **Corporation Service Company located at 80 State Street, Albany, NY 12207.**

I would like to proceed with the expedited service of process for $125.00 so that the documents can be delivered tomorrow, January 4, 2017.

I thank you for your prompt attention to this matter. Please contact me should you have any questions regarding this matter.

--

Robert G. Lopez
L.E.S. Clothing Co.™
Loyalty Equals Strength™
(917) 868-1698
www.lesclothing.com

---

**2 attachments**

- Google.Summons.pdf
  168K
- BigCommerce.FirstAmendedComplaint.pdf
  1191K