# Exhibit 1

| | |
|---|---|
| From: | Robert G Lopez <lesclothing@gmail.com> |
| Sent: | Thursday, January 05, 2017 5:11 PM |
| To: | Willen, Brian |
| Cc: | Grubbs, Deborah; Mollick, Jason; Andy Abrams; Minsi Su |
| Subject: | Re: Lopez v. BigCommerce, 16-CV-8970 (SDNY) |
| Attachments: | GoogleImages.HustleSnapback.pdf |

## FOR SETTLEMENT PURPOSES ONLY UNDER RULE 408

Dear Mr. Willen:

I am writing in response to your January 4, 2017 email correspondence.

I begin by noting that I take offense in your repeated attempts to fend me off by suggesting that I submit a DMCA takedown notice when I have already commenced an action in federal court against Google over its violation and infringement of my intellectual property rights.

You further insult my intelligence by attempting to act "clueless" or unclear as to what is my dispute and/or claim against Google, despite my originally filed complaint in this action including an exhibit (i.e., Exhibit D) that clearly depicted an image on a google website print-out page that copied and violated my rights in my "**Hustle SnapBack**" copyright registration, which was also included as an exhibit with the initial complaint filed in this action.

It remains my position that as the registered owner of a valid copyright and/or trademark, I am under no legal obligation to submit a formal DMCA takedown notice.

Google was provided notice of specific infringing activity in violation of my rights when I provided it with a courtesy copy of the complaint on November 18, 2016 and it failed to act expeditiously in removing the infringing content.

In fact, even after Bigcommerce removed the infringing images from the www.ngeniouscreations.com website within 48 hours of receiving my November 18, 2016 courtesy copy of the complaint, Google continued to "willfully" infringe my rights by copying, publishing and exploiting the image it was aware of that violated my copyright and/or trademark in the stylized **HUSTLE©™** Design.

Even more harmful and disturbing is the fact that Google copied and published an image that violated my rights and promoted the infringing image in close proximity to Plaintiff's actual copyrighted image that appears on a Google search page when searching under the words "**Hustle Snapback**." (See attachment)

In any case, it appears that Google has now removed the infringing image, more than thirty (30) days after it being put on notice of the infringement.

Unfortunately, its recent removal of the infringing image does not put an end to the pending litigation and does not excuse Google from its liability from the copyright infringement that has already occurred.

In fact, in my estimation, the facts and circumstances of this particular case lay a strong foundation for a "strict liability" copyright infringement case against Google.

i. **I have ownership of a valid copyright;**

1

ii. **Google copied, published and/or exploited constituent elements of my original work without my consent; and**
iii. **Google was provided notice by and through its receipt of a courtesy copy of the complaint I initially filed and was aware of "specific infringing activity," and failed to act expeditiously in removing the infringing image and/or content.**

Since my work was created and my copyright registration secured prior to the infringement by Google occurring, I am entitled to "statutory damages" to compensate me for the violation of my exclusive right granted in my copyrighted work.

I reiterate that it is my belief and position that Google is NOT protected under any of the safe harbors of the Digital Millennium Copyright Act (DMCA) in view of the particular facts and circumstances of this case.

It also remains my position that Google's infringement of my work has been "willful" since at least November 18, 2016, when it was put on notice of the infringement of my rights.

This potentially exposes Google to damages in this action in the range of $150,000.00 not including the six figure legal expenses it will incur in fully litigating a matter it in essence has strict liability in.

Contrary to your statement "Unless and until you tell us specifically what you want us to remove, you are making it impossible for Google to take responsive action and will force us to litigate," the only party at this point that can force us to litigate is yourself by not properly advising Google that the facts and circumstances of this particular action as well as Googles actions and/or lack thereof, exposed it to liability in this action for copyright infringement.

As I stated in my earlier correspondence, I am prepared to set new precedent in regards to DMCA notices and will vigorously argue that a formal DMCA takedown notice is not required so long as the infringing party was put on notice of specific infringing activity. I am also prepared to argue that removing infringing content more than thirty (30) after being put on notice is not acting or taking corrective action "expeditiously.

Despite my position as well as the strong evidence and facts in my favor to prove my case, I remain open minded and amenable to reaching a prompt and amicable resolution and settlement of this matter with Google that will allow it to mitigate its damages, legal expenses, time and resources expended in litigating the matter in court.

Mr. Willen, I can advise you that I come from an IP background. For 14 years, I managed the trademark and copyright department of an IP firm based out of NYC and I have a total of 17 years of working in the intellectual property field.

I have litigated over 20 cases in federal court that I have commenced as a pro se plaintiff not including the litigation matters I have worked on for many years while working at the firm.

This costs me nothing but a sacrifice of my time while potentially providing me with more knowledge and experience regarding copyright litigation at the expense of Google. Thus, if Google believes it is in its best interest to proceed with the litigation, I respect its decision and it is still a good and beneficial situation for myself.

In regards to the request in your email of earlier today for a thirty (30) day extension of time in which to file a responsive pleading in this action, I respectfully deny and object to any such extension.

Google was promptly provided with a courtesy copy of the complaint on November 18, 2016 and had an ample opportunity to review the contents and claims alleged therein. Google was likewise provided with a courtesy copy of the First Amended Complaint on December 22, 2016 which it has also had an opportunity to fully review.

2

      I do not wish to engage in any further delay in moving along with the litigation.  Moreover, I provided Google with an opportunity on two occasions (December 22, 2016 and December 28, 2016) to accept service as a courtesy and it failed to provide me with a prompt and definitive confirmation which resulted in me incurring the expense of $125.00 to serve it.

      Upon not hearing back from you by almost the close of business on January 3, 2017, I already had hired a process server prior to receiving your January 4, 2017 email at 2:20 a.m.  (See attachment)

      In that regard, please forward me a copy via email of any letter that you may write to Judge Oetken requesting an extension of time so that I can promptly respond and object to such request.  Since I am a pro se Plaintiff the regular parcel mailing method will not allow me promptly receive and properly address your request with the court.

      In closing, I am available to discuss this matter further should you deem there to be any issues worthy of discussing.

      All rights and remedies are expressly reserved.


On Thu, Jan 5, 2017 at 5:06 AM, Willen, Brian <bwillen@wsgr.com> wrote:

Mr. Lopez:


It seems you went ahead and formally served your complaint, notwithstanding my offer to accept service under FRCP 4(d). We are planning to ask the Court for an additional 30 days to respond to the complaint, which would make our response due on February 24. Please let me know if you will consent to that request and, if not, please provide your reasons for refusing consent, as required by Section 3(c) of Judge Oetken's individual practices:


http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1147


I look forward to hearing from you.


**Brian M. Willen | Wilson Sonsini Goodrich & Rosati**

1301 Avenue of the Americas | New York, NY 10019

office: 650.849.3340 | mobile: 917.690.1129

3

**From:** Willen, Brian
**Sent:** Wednesday, January 04, 2017 2:21 AM
**To:** Robert G Lopez
**Cc:** Grubbs, Deborah
**Subject:** RE: Lopez v. BigCommerce, 16-CV-8970 (SDNY)

Mr. Lopez:

I'm writing to follow up on my email below in response to your message from December 28. As I explained in my prior letter, if there is are photographs or specific webpages that appear in Google search results that you contend are infringing your copyrights, we invite you to bring that to Google's attention so that we can process those requests under the DMCA. You can use the forms that Google makes available specifically for that purpose, or you can just identify for me the URLs that you want removed. Despite my invitation in my prior letter, you have declined to do so. Neither your Complaint(s) nor your letter identifies a single URL that Google is hosting or linking to that you allege to contain infringing material. Exhibit D circles a URL www.google.com/blank.html, which is just that: a blank webpage. There is no infringing material there and nothing for Google to remove. In short, you simply have not made a proper DMCA takedown request. Unless and until you tell us specifically what you want us to remove, you are making it impossible for Google to take responsive action and will force us to litigate, which we will do vigorously. If you want to continue down that road, so be it. But we would much rather resolve this matter by taking down the material you claim is infringing under the process contemplated by the DMCA.

If you do want to litigate this matter, I will accept service of the complaint under the procedures authorized by Fed. R. Civ P. 4(d). I look forward to hearing from you.

Very truly yours,

Brian Willen

**Brian M. Willen | Wilson Sonsini Goodrich & Rosati**

1301 Avenue of the Americas | New York, NY 10019

office: 650.849.3340 | mobile: 917.690.1129

**From:** Willen, Brian
**Sent:** Thursday, December 29, 2016 4:26 AM
**To:** 'Robert G Lopez'
**Cc:** Grubbs, Deborah
**Subject:** RE: Lopez v. BigCommerce, 16-CV-8970 (SDNY)

Mr. Lopez:

4

I am travelling abroad for the holidays, and all the relevant people at Google are away as well, so you should not presume anything from the fact that we have not yet responded to your message. I will get back to you after the holidays. In the meantime, have a very Happy New Year.

My best,
Brian Willen

**Brian M. Willen | Wilson Sonsini Goodrich & Rosati**

1301 Avenue of the Americas | New York, NY 10019

office: 650.849.3340 | mobile: 917.690.1129

**From:** Robert G Lopez [mailto:lesclothing@gmail.com]
**Sent:** Wednesday, December 28, 2016 2:58 PM
**To:** Grubbs, Deborah
**Cc:** Willen, Brian; Andy Abrams; Minsi Su; tmdocketing@google.com
**Subject:** Re: Lopez v. BigCommerce, 16-CV-8970 (SDNY)

FOR SETTLEMENT PURPOSES ONLY UNDER RULE 408

Dear Mr. Willen:

  I presume that your client has not authorized you to accept service of process of the Summons & Complaint on its behalf.

  I will proceed with formally effectuating service of process on Google, Inc., by hiring a process server to deliver the documents to Corporation Service Company which is the designated registered agent of the company.

  I would like to make it clear that I will not be extending any courtesies at all to Google throughout the course of us litigating this matter.

  All rights and remedies are expressly reserved.

On Thu, Dec 22, 2016 at 7:38 PM, Robert G Lopez <lesclothing@gmail.com> wrote:

FOR SETTLEMENT PURPOSES ONLY UNDER RULE 408

5

Dear Mr. Willen:

I am writing as a follow-up to your November 30, 2016 correspondence regarding the copyright and trademark infringement action I commenced against Bigcommerce, Inc. which also named Google, Inc. as a defendant.

First and foremost, I am attaching a courtesy copy of a First Amended Complaint in which I filed in the SDNY Court earlier today.

By way of explanation, the First Amended Complaint adds a paragraph that alleges that Google was provided notice of the infringement on November 18, 2016 and failed to act expeditiously in removing the infringing content.

I had an opportunity to review the cases you cited in your correspondence and do not believe that the facts and circumstances of those particular cases are analogous with the facts and circumstances of the case I have commenced against Google.

In any case, regarding my copyright claim against Google, it is my position that Google is **NOT** protected under any of the safe harbors of the Digital Millennium Copyright Act (DMCA).

It remains a fact that even after being provided with a courtesy copy of the initial complaint filed in this action, Google failed to take any corrective action in rectifying the violations that were occurring against my intellectual property rights despite it having knowledge and/or awareness of specific infringing activity.

Accordingly, I deem Google's infringement to be willful since at least November 18, 2016, the day in which it was provided notice that there was a dispute regarding my copyright and trademark.

As you are undoubtedly aware, damages for willful infringement in copyright cases can be up to $150,000.00 per infringement. Google had a sufficient and ample opportunity to remove the infringing content but choose to turn a blind eye in blatant disregard for a small business owners intellectual property rights.

Please advise whether your firm will accept service of process of the Summons & Complaint on behalf of Google, Inc. as a courtesy.

I can advise you that its consideration of this request will weigh heavily in regards to any future courtesies I extend to it throughout the course of us litigating this matter.

I can also advise you that despite my position and willingness to aggressively pursue this action and even set new precedent under the DMCA notifces if necessary, I remain open minded and amenable to reaching an amicable resolution that can result in the prompt filing of a Stipulation of Dismissal with prejudice and provide Google with a release in connection with our pending dispute.

I await your prompt response so that I can determine my next course of action in moving forward with this matter.

All rights and remedies are expressly reserved.

6

On Wed, Nov 30, 2016 at 4:25 PM, Grubbs, Deborah <DGrubbs@wsgr.com> wrote:

Dear Mr. Lopez,

Please find attached, correspondence from Brian Willen.

Regards,

Deborah Grubbs

*Executive Assistant to Brian M. Willen*

**WSGR** Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

650 Page Mill Road

Palo Alto, CA 94304-1050
Telephone:  (650) 565-5171
Email:  dgrubbs@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

--

Robert G. Lopez
L.E.S. Clothing Co.™
Loyalty Equals Strength™
**(917) 868-1698**
**www.lesclothing.com**

7

--

**Robert G. Lopez**
**L.E.S. Clothing Co.™**
**Loyalty Equals Strength™**
**(917) 868-1698**
**www.lesclothing.com**


--

**Robert G. Lopez**
**L.E.S. Clothing Co.™**
**Loyalty Equals Strength™**
**(917) 868-1698**
**www.lesclothing.com**



1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

November 30, 2016

**Via Electronic Mail to lesclothing@gmail.com**

Robert G. Lopez
230 Clinton Street Apt. 11C
New York, NY 10002

      Re:    *Lopez v. BigCommerce*, 16-CV-8970 (SDNY)

Dear Mr. Lopez:

      I am outside counsel to Google Inc. Your email regarding the lawsuit you recently filed in the Southern District of New York was referred to me. The nature of your allegations against Google is not entirely clear, but you seem to be claiming that certain listings may appear in Google search results that link to third-party websites where items are available that you think infringe your trademark and/or copyright. While this is not a proper basis for an infringement claim against Google, *see, e.g.*, *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93 (2d Cir. 2010), *Viacom v. YouTube*, 676 F.3d 19 (2d Cir. 2012), Google has policies that make it easy for right holders to request removal of search result listings that they believe to be infringing. You can use the form available at https://support.google.com/legal/troubleshooter/1114905?hl=en to identify specific search results that may contain infringing material, and Google will promptly evaluate any submissions. Using this process is easy, efficient, and should resolve any issues. But I urge you to drop your claims against Google. They are legally baseless, and Google will vigorously defend itself if forced to litigate.

      Let me know if you'd like to discuss this matter.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Brian M. Willen