# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **ROBERT G. LOPEZ, an individual,** | ) | PROPOSED |
| | ) | **SECOND AMENDED COMPLAINT** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 16 CV 8970 (JPO)** |
| | ) | |
| **BIGCOMMERCE, INC.,** | ) | **JURY TRIAL DEMANDED** |
| **GOOGLE, INC., WILSON SONSINI** | ) | |
| **GOODRICH & ROSATI, PC, and** | ) | |
| **BRIAN M. WILLEN** | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendants, BigCommerce, Inc., Google, Inc., Wilson Sonsini Goodrich & Rosati, PC, and Brian M. Willen as follows:

### NATURE OF THE ACTION

1.     This action arises from Defendants' infringement of Plaintiff's "ownership" and exclusive "use" rights in his federally registered copyright design and in Plaintiff's



trademark used in conjunction with clothing, namely caps, t-shirts and/or other clothing items.

2.     Despite Plaintiff being the registered copyright owner of the "Hustle Snapback Design" and stylized HUSTLE™ trademark, and offering various clothing items under such

design and brand name, the Defendants' have infringed Plaintiff's rights in the aforementioned intellectual property by copying, publishing, exploiting, marketing, promoting, manufacturing, selling, offering for sale and advertising caps, t-shirts and/or other clothing items under

*hustle.*

Plaintiff's copyrighted design and trademark.

3.     The Defendants publishing, copying and exploitation for commercial purposes, a cap with Defendant's copyrighted ("Hustle Snapback Design") and Plaintiff's stylized HUSTLE™ trademark used in connection with his clothing business where done willfully and intentionally.

4.     Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendants and Plaintiff resulting in the unjust enrichment of Defendants by using Plaintiff's registered trademark and copyright in connection with clothing.

5.     Additionally, Defendants' Wilson Sonsini Goodrich & Rosati, PC and Brian M. Willen individually and collectively conspired with the other Defendants' to this action to knowingly and purposefully submit a motion letter to the Honorable J. Paul Oetken containing misrepresentation of facts in its effort to secure an Extension of Time to Answer The First Amended Complaint that was filed in this action.  Defendants' also collectively conspired to submit documentary evidence that was provided by Plaintiff under the heading and designation **FOR SETTLEMENT PURPOSES ONLY UNDER RULE 408**.


### JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a),

Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c), 17 U.S.C. §101, et. seq., 17 U.S.C. §501-509 and 28 U.S.C. §1367.

7.     This Court has personal jurisdiction over the Defendants because Defendants engage in continuous business activities in, and directed to the State of New York within this judicial district, and because Defendants' have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and his intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

9.     Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

10.     Upon information and belief, Defendant, BigCommerce, Inc. is a Texas corporation with a principal place of business at 11305 Four Points Dr., #300, Austin, Texas 78726.

11.     Upon information and belief, Defendant Google, Inc. is a Delaware corporation with a principal place of business at 1600 Amphitheatre Pkwy, Mountain View, California 94043.

12.     Upon information and belief, Defendant Wilson Sonsini Goodrich & Rosati, PC is a California professional corporation with a place of business at 1301 Avenue of the Americas, New York, New York 10019.

13.     Upon information and belief, Defendant Brian M. Willen is an individual attorney employed at the law firm Wilson Sonsini Goodrich & Rosati, PC and maintains an office at 1301 Avenue of the Americas, New York, New York 10019.


## FACTS


14.     Plaintiff Robert G. Lopez has been producing and selling caps and t-shirts and  other related clothing items under the stylized                    design and brand name since at least 2014.


15.     Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items in interstate commerce since 1999.


16.     Since at least as early as 2014, Plaintiff began using the mark and stylized HUSTLE™ design and incorporated the aforementioned mark and design into his collection of brands offered under his company L.E.S. Clothing Co.™.


17.     Plaintiff began using his stylized "HUSTLE Design" depicted below on clothing and apparel marketing materials since 2014.



18.     Plaintiff uses the HUSTLE™ logo design on caps, t-shirts, sweaters, stickers, private labels, viral flyers and photographs depicting caps and other clothing items bearing the brand and design and photographs depicting caps and other clothing items bearing the stylized HUSTLE design are used for social media promotions on platforms such as Instagram®, Facebook®, Twitter and on Plaintiff's website homepage www.lesclothing.com. **(See Exhibit A).**

19.     Plaintiff has had his caps and other clothing items bearing his stylized HUSTLE design in various clothing retail stores in New York City, New Jersey, Connecticut and in various other States as shown below:







♥ 66 likes

lesclothingco #LES™GO #LESClothingCo
#HeadWear #exclusives on deck @colfaxandbale
#WeWorking #Spring #Summer fresh - - snatch yours
asap #LoyaltyEqualsStrength is the #Brand and the
#Movement #NewYorkCity #Urban #StreetWear
#Enterprise straight out the #LowerEastSide
#LeSNyC #LES Get It - - daily #Grind and #HUSTLE
status 👊👊😤👌

tarzanmountainandsandman 🙌

sir_global Super!

APRIL 29, 2015

20.    Plaintiff's caps and other clothing items bearing his "Hustle Snapback Design" logo have been worn by "superstar" musical recording artists and actors including but not limited to rapper Prodigy of MOBB DEEP®, rapper Lil Cease of Christopher "NOTORIOUS BIGGIE SMALLS" Wallace rap group Junior Mafia actor MTV and BET journalist Shaheem Reid.






21.     In March of 2015, Plaintiff began promoting the above design on caps and began exploiting and publishing photographs with the stylized HUSTLE™© design on caps and other clothing items on his "LES TEEZ" Facebook® page which has thousands and followers and began selling and offering for sale clothing items bearing the design via Plaintiff's website www.lesclothing.com and in other ways customary in the clothing business of selling and publishing photographs to showcase your products and clothing designs.

22.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-953-886 for the Hustle Snapback Design. (See Exhibit B).

23.     Plaintiff is the owner of New York State Trademark Registration No. R32911 for the stylized HUSTLE™ mark. (See Exhibit C).

24.     Defendant BigCommerce is an ecommerce website provider that provides hosting, shopping cart and other similar services to businesses in the apparel industry and is an online company that hosts, exploits and publishes photographs and other images of clothing products.

25. On November 18, 2016, Plaintiff provided Defendant Bigcommerce with a courtesy copy of the initial complaint filed in this action so as to advise it that they were involved in conduct that violated my intellectual property rights.

26. Defendant Google, Inc. is an online search engine provider and receives money and compensation through Google Adwords and in other ways from the search of products by keywords and publishes and exploits photographs and other images on the worldwide internet.

27. On November 18, 2016, Defendant Google, Inc. was put on notice that it was involved or part of infringing activity that violated my intellectual property rights. Accordingly, Defendant Google, Inc. had actual knowledge of infringing activities and was aware of facts and circumstances that made the infringing activity apparent and it failed to expeditiously remove the infringing material. Thus, Defendant Google, Inc. does NOT qualify for protection under any of the safe harbors under the Digital Millennium Copyright Act as it is still willfully infringing, publishing and exploiting the photographic image that violates Plaintiff's registered copyright and trademark.

28. Plaintiff is informed and believes and thereon alleges that Defendant Bigcommerce is hosting, exploiting and publishing images and designs and began marketing, selling, offering for sale clothing under Plaintiff's copyrighted Hustle Snapback Design and trademark in violation of Plaintiff's trademark rights and copyrights.

29. Plaintiff is informed and believes and thereon alleges that Defendant Google, Inc. published and exploited a photograph and image of a cap which was a copy of Plaintiff's registered copyright and which also violates Plaintiff's trademark.

30. The Defendants use of Plaintiff's copyrighted and trademarked design was done without Plaintiff's authorization or consent.

31.     Defendants use of Plaintiff's intellectual property was for commercial gain and profit and is not covered under the fair use doctrine.

32.     One of the cap design images and photographs copied, published and exploited by Defendants in the offering for sale of clothing by Defendants is an exact and identical replication and copy of Plaintiff's Hustle Snapback Design that is also used by Plaintiff on clothing (**See Exhibit D**).

33.     Defendants' use of Plaintiff's trademarks and/or copyrights has already caused instances of actual confusion in the marketplace and Defendants use of said Hustle Snapback Design was done without consent or permission by Plaintiff.

34.     On January 10, 2017, Defendants' Wilson Sonsoni Goodrich & Rosati, PC and Brian M. Willen knowingly submitted a Letter Motion Pleading to the Court in this action containing materially false representations of fact in an effort to deceive and persuade the Court into granting it an extension of time to file an Answer to the First Amended Complaint filed in this action.

35.     On January 12, 2017, Defendants' Wilson Sonsoni Goodrich & Rosati, PC and Brian M. Willen improperly submitted documentary evidence in this case in the form of written email communications from Plaintiff that were clearly designated "**FOR SETTLEMENT PURPOSES ONLY UNDER RULE 408**."

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

36.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 35 of this Complaint.

37.     The use in commerce by Defendants of an identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the

public and in trade as to the source, origin, or sponsorship of defendants' goods and services. Such use by defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademarks, and has resulted in injury and damage to Plaintiff that will continue if defendants are not ordered to cease all use of the stylized HUSTLE™© mark.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

38.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 37 of this Complaint.

39.     Plaintiff has the exclusive right to market, brand and provide clothing related goods using the HUSTLE™© mark.

40.     Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' activities already have confused the public into believing that defendants' and Plaintiff's clothing goods come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods.

41.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

42.     By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

43. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 42 of this Complaint.

44. Defendants conduct constitutes deception by which Defendant's goods will be palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

45. Defendant's unauthorized use of Plaintiff's HUSTLE™© mark is likely to continue to cause further confusion to the public as to the clothing goods of the respective parties.

46. By reason of the foregoing, Defendant has infringed and continues to infringe on Plaintiff's common law rights in the HUSTLE™© mark and Defendants have become unjustly enriched by such acts of infringement.

47. Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendants has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

48. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 47 of this Complaint.

49. Plaintiff is the creator, author, and owner by assignment of all rights of copyright in and to the HUSTLE Snapback Design shown above.

50. Plaintiff acquired his rights to the Hustle Snapback Design image in March of 2015 and Plaintiff has offered for sale and sold clothing items bearing the HUSTLE Snapback Design since 2014.

51. Defendants, without authorization of Plaintiff as the owner of all rights of copyright in the "Hustle Snapback Design", and in violation of 17 U.S.C. §§101 et seq., has intentionally and willfully copied, distributed, and publicly displayed and sold and/or offered for sale, a cap design that is identical or in the least, substantially similar to the Plaintiff's copyrighted Hustle Snapback Design that is used on his clothing items. Defendant's infringing t-Cap design is depicted in Exhibit D.

52. Defendants actions constitute copyright infringement and have caused and will continue to cause Plaintiff irreparable harm and injury unless enjoined by this Court.

53. By reason of Defendants infringement of Plaintiff's copyright in his Hustle Snapback Design in connection with clothing, Defendant has derived revenues and profits attributable to said infringement, the amount of which has yet to be ascertained.

54. Defendants infringement of Plaintiff's copyright in the Hustle Snapback Design for clothing was committed "willfully" as that term is used in 17 U.S.C. §504(c)(2). At all times mentioned herein, and upon information and belief, Defendants were aware of, and had reason to believe, that its acts constituted infringement of Plaintiff's copyright.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

55. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 54 of this Complaint.

56. Defendants have unjustly retained profits from the sale, order processing and advertising of clothing goods and accessories bearing Plaintiff's HUSTLE™ mark as well as Plaintiff's copyrighted Hustle Snapback Design.

57. Defendants actions constitute unjust enrichment.

## SIXTH CAUSE OF ACTION
## CONVERSION

58.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 57 of this Complaint.

59.     Defendants have continued and are presently using Plaintiff's HUSTLE™ copyright and trademark.

60.     Defendants have continuously introduced, sold and/or offered for sale products bearing Plaintiff's trademarks and copyright and are continuing to profit off of Plaintiffs' intellectual property.

61.     Defendants are therefore liable for conversion and liable for punitive damages for converting Plaintiff's trademark and copyright design.

## SEVENTH CAUSE OF ACTION
## FRAUD
### (Against Wilson Sonsoni Goodrich & Rosati, PC and Brian M. Willen)

62.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 61 of this Complaint.

63.     Defendant's Wilson Sonsini Goodrich & Rosati, PC and Brian M. Willen knowingly made false representations of fact about and concerning Plaintiff to the Court.

64.     Defendants' made these false representations of fact with the knowledge that the representations were false and misleading for the purpose of misleading the Court in an effort to secure an extension of time to file an Answer to the First Amended Complaint.

65.     Accordingly, Defendants' are liable for fraud.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.      Entry of an order and judgment requiring that Defendant, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term HUSTLE™, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the HUSTLE™ design, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and copyright infringement which tend to injure Plaintiff's rights in the HUSTLE™ mark or Hustle Snapback Design.

2.      That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark and Copyright Acts.

3.      That Defendants be ordered to discontinue hosting any website or publishing any images that violate Plaintiff's trademark and/or copyright.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the HUSTLE™ mark and publishing an image of a cap that violates Plaintiff's copyright.

6.      That Plaintiff be awarded the cost and disbursements of this action.

7.     That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: January 13, 2017           Respectfully submitted,
       New York, NY              Robert G. Lopez – Pro Se

                                         Robert G. Lopez
                                         Pro Se Plaintiff
                                         230 Clinton Street – Apt. #11C
                                         New York, New York 10002
                                         (917) 868-1698

**EXHIBIT A**

Q Search

Cart



# LES Clothing Co.

Home    Catalog    Blog    About Us

Home > Frontpage > LES Clothing Co.™ HUSTLE© Snapback



## LES Clothing Co.™ HUSTLE© Snapback

$ 19.99 $ 35.00

Add to cart

Navy Snapback - White embroidered Hustle© . Design.

Like 0        Tweet        G+1

 

**EXHIBIT B**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-953-886

**Effective Date of Registration:**
March 18, 2015

---

## Title
 

**Title of Work:** Hustle Snapback Design

## Completion/Publication
 

**Year of Completion:** 2015
**Date of 1st Publication:** March 17, 2015
**Nation of 1st Publication:** United States

## Author
 

- **Author:** Robert G Lopez
  **Author Created:** photograph
  **Work made for hire:** No
  **Citizen of:** United States
  **Year Born:** 1976

## Copyright Claimant
 

**Copyright Claimant:** Robert G. Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification
 

**Name:** Robert G Lopez
**Date:** March 18, 2015

**EXHIBIT C**

# New York State Department of State
## Certificate of Trademark Registration

*I, Brendan Fitzgerald, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R32911 | **Registration Date:** | *11/4/2016* |
| **Applicant:** | **ROBERT G. LOPEZ** 230 CLINTON STREET, APT. 11C NEW YORK | **NY** 10002- | |
| **State of Incorporation or Partnership Organization:** | | | |
| **Class Numbers:** | 25 | | |
| **Date First Used in NYS:** | *12/10/2014* | **Date First Used Anywhere:** | *12/10/2014* |

**Trademark Description:**

*The mark is comprised of the word HUSTLE in a stylized font followed by a period*

**Description of Goods:**        *Caps and t-shirts*

**WITNESS** *my hand and the seal of the State of New York in the City of Albany on this:*

*Thursday, November 10, 2016*

by:

*Executive Deputy Secretary of State*

*DOS-690 (Rev. 8/13)*

hustle.

**EXHIBIT D**

