

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

February 9, 2017

**VIA CM/ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 706
New York, New York 10007

> Re: Opposition to Motion for Leave to File Second Amended Complaint
> *Lopez v. BigCommerce, Inc. and Google Inc.*, No. 1:16-cv-08970-JPO

Dear Judge Oetken:

On behalf of Defendant Google Inc. ("Google"), we write in opposition to Plaintiff's January 13, 2017 motion (Dkt. 13) for leave to file a proposed Second Amended Complaint ("SAC").[1] We will be brief in an effort to avoid wasting more of the Court's time with Plaintiff's vexatious request.

Plaintiff seeks to state a claim of fraud against Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR") and one of its partners, Brian M. Willen, on the grounds that they, while acting as Google's counsel in this case, "submitted a Letter Motion Pleading to the Court in this action containing materially false representations of fact in an effort to deceive and persuade the Court into granting it an extension of time to file an Answer to the First Amended Complaint filed in this action." SAC ¶ 34. Never before has a routine request for a 30-day extension solicited such an over-the-top response.

Plaintiff's request to file another amended complaint must be denied because his proposed fraud claim is futile—and frivolous. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Under New York law, "[t]he elements of a fraud cause of action consist of a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury[.]" *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 827 (2016) (citations omitted). Plaintiff cannot satisfy any of these elements.

Plaintiff's proposed SAC does not identify any statement made by Google's counsel that is supposedly false. That is unsurprising because, as the Court already knows, Google's counsel made no false statements in requesting (and receiving) an extension of time to answer the First Amended Complaint. Dkt. 6. Plaintiff launched these same baseless allegations in opposing Google's extension request (Dkt. 9), and Google responded by providing the Court a complete copy of the relevant

---

[1] Although dated January 13, Plaintiff's motion was not filed on ECF until yesterday, February 8.

AUSTIN   BEIJING   BOSTON   BRUSSELS   HONG KONG   LOS ANGELES   NEW YORK   PALO ALTO   SAN DIEGO
SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, DC   WILMINGTON, DE

correspondence between the parties (Dkt. 10 & Ex. 1). The Court had an opportunity to review this correspondence and promptly denied Plaintiff's request for Rule 11 sanctions. Dkt. 12.[2]

None of the other elements of fraud exist either. Plaintiff was not intended to "rely upon," and obviously did not "rely upon," any statement made by counsel. *See Pasternack*, 27 N.Y.3d at 827-29 (holding that statements made to third parties cannot meet the reliance elements in an action for fraud). Nor can Plaintiff claim to have been "injured" by the mere fact that Google was granted a routine 30-day extension to answer his operative complaint.

Unfortunately, frivolous litigation is nothing new to Plaintiff. In this District alone, Plaintiff has filed an astonishing 28 pro se lawsuits since late 2010, including six in the last two months. Not one of those cases has resulted in a judgment in his favor. While the six most recent cases (including this one) are still pending, Plaintiff voluntarily dismissed virtually all of the others. The only exception was *Lopez v. Gap, Inc.*, 883 F. Supp. 2d 400 (S.D.N.Y. 2012), where the court dismissed all of his remaining claims at summary judgment. In that case, Plaintiff admitted in deposition that his lawsuits—which he referred to as his "paper game"—have increased "media attention" and "add a little hype and buzz" to his business. No. 1:11-cv-03185-PAE, Dkt. 38-2 at 143:24-144:12, 146:3-23. Plaintiff appears to be playing the same "paper game" in this case by falsely accusing a respected law firm and member of the bar of engaging in fraud. Not only should his request to add a baseless fraud claim be denied, Plaintiff should be warned that engaging in this kind of abuse of the system subjects him to sanctions. *See* Fed. R. Civ. P. 11; 28 U.S.C. § 1927.[3]

The Court should also be aware of the following threat made by Plaintiff to Google's counsel in an email on January 14, 2017, attached hereto as <u>Exhibit 1</u>:

> [P]lease be clear that in the event that Judge Oetken refuses to grant my request to file a Second Amended Complaint in this action, I will just commence an entirely

---

[2] Plaintiff complains that Google improperly submitted the correspondence because he unilaterally labeled it "FOR SETTLEMENT PURPOSES ONLY UNDER RULE 408"—despite the fact that no settlement communications have ever occurred between the parties. SAC ¶ 35. Rule 408 obviously does not prohibit Google from submitting to the Court in connection with a scheduling matter a copy of the correspondence in which Plaintiff refused to agree to the extension Google was seeking and made clear that he would not be "extending any courtesies at all to Google throughout the course of us litigating this matter." Google was not seeking to admit the correspondence into evidence—merely to show the Court that it did not mischaracterize anything that Plaintiff said.

[3] Plaintiff has faced sanctions before. In *Amalgam Entertainment, LLC, et al. v. Lal, et al.*, No. 1:09-cv-11601-WGY (D. Mass), Amalgam Entertainment brought suit against Plaintiff for his participation in a conspiracy to fraudulently register Amalgam's trademark and extort money from the lawful owner of the mark. The district court entered a default judgment against Plaintiff as a sanction for his "complete refusal to participate in discovery … and a complete refusal to comply with [his] obligations under the Federal and Local Rules of Civil Procedure and the prior Orders of [the] Court[.]" *Id.* Dkt. 34 at 1. In one of his many pending lawsuits in this District, moreover, Plaintiff has very recently been accused of sending "numerous harassing emails" to the defendant's counsel and corporate officers. *Lopez v. DrJays.com, Inc.*, No. 1:16-cv-10053-VSB, Dkt. 6.

   new action that names both you and your firm for fraud in relation to the
   misrepresentations of material facts contained in your Letter Motion to Judge
   Oetken requesting an extension of time to answer the First Amended Complaint[.]

Needless to say, such a new lawsuit would be improper. Should Plaintiff file a new lawsuit after being denied leave to amend, Google's counsel will not hesitate to seek sanctions, including all of its costs and fees in connection with defending that suit. But we hope it will not need to come to that.

      Respectfully submitted,

      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

      *s/ Jason Mollick*
      Jason Mollick

      *Counsel for Defendant Google Inc.*

CC: Robert G. Lopez, *pro se* (via U.S. Mail and Email)