BRIAN M. WILLEN
JASON MOLLICK
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com
Email: jmollick@wsgr.com

*Counsel for Defendant Google Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| ROBERT G. LOPEZ, *pro se*,<br><br>        Plaintiff,<br><br>  v.<br><br>BIGCOMMERCE, INC. and<br>GOOGLE INC.,<br><br>        Defendants. | Case No. 1:16-cv-08970-JPO |

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT GOOGLE INC.'S MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

INTRODUCTION ................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................... 2

    A.    Google's Search Engine ................................................................... 2

    B.    Plaintiff Robert G. Lopez .................................................................. 3

ARGUMENT ........................................................................................................ 5

I.    ALL OF PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILING TO MAKE SPECIFIC ALLEGATIONS OF MISCONDUCT AS TO GOOGLE ................. 6

II.    PLAINTIFF FAILS TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT ................................................................................ 7

III.    PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT ................................................................................ 10

IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT, AND EVEN IF HE DID, IT WOULD BE PREEMPTED BY THE COPYRIGHT ACT ............................................................................................... 13

V.    PLAINTIFF FAILS TO STATE A CLAIM FOR CONVERSION, AND EVEN IF HE DID, IT WOULD BE PREEMPTED BY THE COPYRIGHT ACT ................. 15

CONCLUSION ..................................................................................................... 17

# TABLE OF AUTHORITIES

## CASES

*1-800 Contacts, Inc. v. WhenU.com, Inc.*,
    414 F.3d 400 (2d Cir. 2005), *cert. denied*, 546 U.S. 1033 (2005) .................................8, 10

*Amalgam Entertainment, LLC, et al. v. Lal, et al.*,
    No. 1:09-cv-11601-WGY (D. Mass) .................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................5, 6

*Atuahene v. City of Hartford*,
    10 F. App'x. 33 (2d Cir. 2001) .....................................................................6

*Authors Guild v. Google, Inc.*,
    804 F.3d 202 (2d Cir. 2015), *cert. denied*, 136 S.Ct. 1658 (2016) ..............................3, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................5

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004) ......................................................................14

*Colavito v. N.Y. Organ Donor Network, Inc.*,
    8 N.Y.3d 43 (2006) ...............................................................................15

*Computer Assocs. Int'l v. Altai*,
    982 F.2d 693 (2d Cir. 1992) ......................................................................14

*Georgia Malone & Co., Inc. v. Rieder*,
    19 N.Y.3d 511 (2012) .............................................................................13

*Globalaw Ltd. v. Carmon & Carmon Law Office & Globalaw, Inc.*,
    452 F. Supp. 2d 1 (D.D.C. 2006) ...................................................................7

*Harper & Row, Publrs. v. Nation Enters.*,
    723 F.2d 195 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985) ...............15, 16

*Jinjit, Ltd. v. Jovani Fashion, Ltd.*,
    No. 14-CV-2585 (DAB), 2016 U.S. Dist. LEXIS 44863
    (S.D.N.Y. Mar. 30, 2016) .......................................................................10, 11

*Kakizaki v. Riedel*,
    811 F. Supp. 129 (S.D.N.Y. 1992) .................................................................16

*Kelly v. Arriba Soft Corp.*,
    336 F.3d 811 (9th Cir. 2003) ...................................................................3, 12

*Lopez v. Aeropostale, Inc. and Aeropostale Procurement, Inc.*,
    1:11-cv-02047-WHP (S.D.N.Y.) ........................................................4

*Lopez v. Aeropostale, Inc. and Aeropostale Procurement, Inc.*,
    1:11-cv-04166-RMB (S.D.N.Y.) ........................................................4

*Lopez v. American Eagle Outfitters, Inc.*,
    1:16-cv-08086-GHW (S.D.N.Y.)........................................................4

*Lopez v. Bloomingdales Inc.*,
    1:16-cv-00752-LGS (S.D.N.Y.)........................................................4

*Lopez v. Coat of Arms LLC, Mitchell & Ness Nostalgia, Co. and Hanesbrands, Inc.*,
    1:11-cv-07580-LBS-DCF (S.D.N.Y.).................................................4

*Lopez v. Cotton on USA, Inc.*,
    1:16-cv-06919-PGG (S.D.N.Y.) ........................................................4

*Lopez v. Daniel Fox and Screened LTD*,
    1:16-cv-03936-VEC-KNF (S.D.N.Y.)...............................................4

*Lopez v. DrJays.com, Inc.*,
    1:16-cv-10053-VSB (S.D.N.Y.) ........................................................4

*Lopez v. Forever 21 Retail Inc.*,
    1:16-cv-05123-JPO (S.D.N.Y.) ........................................................4

*Lopez v. Gap, Inc.*,
    883 F. Supp. 2d 400 (S.D.N.Y. 2012)...............................................4

*Lopez v. The Gap, Inc., Gap Int'l Sourcing, Inc., Old Navy, LLC,
    and Old Navy Apparel, LLC*, 1:11-cv-03185-PAE (S.D.N.Y.) ............4

*Lopez v. Instagram Inc.*,
    1:16-CV-09876-RJS (S.D.N.Y.) ........................................................4

*Lopez v. J. Crew Inc. and J. Crew Int'l, Inc.*,
    1:11-cv-00450-LTS-GSG (S.D.N.Y.).................................................4

*Lopez v. Macys.com, Inc.*,
    1:12-cv-04621-PGG (S.D.N.Y.) ........................................................4

*Lopez v. Nordstrom Inc.*,
    1:16-cv-03194-RJS (S.D.N.Y.).........................................................4

*Lopez v. Ooshirts, Inc. and Tumblr Inc.*,
    1:16-cv-05426-GHW (S.D.N.Y.)........................................................4

*Lopez v. Payless Shoes Source. Inc.*,
    1:10-cv-08962-JSR-HBP (S.D.N.Y.) ................................................................4

*Lopez v. Puma North America, Inc.*,
    1:15-CV-08874-GHW (S.D.N.Y.) ................................................................4

*Lopez v. RedBubble*,
    1:16-cv-10054-VSB (S.D.N.Y.) ................................................................4

*Lopez v. Screened LTD and Daniel Fox*,
    1:17-cv-00142-JGK (S.D.N.Y.) ................................................................4

*Lopez v. Sears Holdings Corp.*,
    1:15-cv-10068-WHP (S.D.N.Y.) ................................................................4

*Lopez v. Shirts Without Buttons LLC and Micha Weinblatt*,
    1:16-cv-04399-LTS-SN (S.D.N.Y.) ................................................................4

*Lopez v. Shopify, Inc. and Shopify (USA) Inc.*,
    1:16-cv-09761-VEC-AJP (S.D.N.Y.) ................................................................4

*Lopez v. Sixty Hotels, LLC*,
    1:16-cv-04835-KPF (S.D.N.Y.) ................................................................4

*Lopez v. Society6 LLC and Demand Media Inc.*,
    1:16-cv-06958-AJN (S.D.N.Y.) ................................................................4

*Lopez v. Teespring, Inc.*,
    1:15-cv-03885-RJS (S.D.N.Y.) ................................................................4

*Lopez v. Urban Outfitters, Inc.*,
    1:11-cv-03929-PGG (S.D.N.Y.) ................................................................4

*Lopez v. Zumiez Inc.*,
    1:16-cv-04395-RJS (S.D.N.Y.) ................................................................4

*Manchanda v. Google*,
    No. 16-CV-3350 (JPO), 2016 WL 6806250 (S.D.N.Y. Nov. 16, 2016) ..........................10

*Mandarin Trading Ltd. v. Wildenstein*,
    16 N.Y.3d 173 (2011) ................................................................13, 14

*Marvullo v. Gruner & Jahr*,
    105 F. Supp. 2d 225 (S.D.N.Y. 2000) ................................................................11

*Miller v. Holtzbrinck Publrs., L.L.C.*,
    377 F. App'x. 72 (2d Cir. 2010) ................................................................14

*Obado v. Magedson*,
No. 13–2382 (JAP), 2014 WL 3778261 (D.N.J. July 31, 2014),
*aff'd*, 612 F. App'x 90 (3d Cir. 2015)..............................................................3, 9

*Palmer Kane LLC v. Scholastic Corp.*,
No. 12 Civ. 3890 (TPG), 2014 WL 1303135 (S.D.N.Y. Mar. 31, 2014) .........................11

*Parker v. Google, Inc.*,
422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 833 (3d Cir. 2007) .................2

*Patrick v. Francis*,
887 F. Supp. 481 (W.D.N.Y. 1995) ........................................................................15, 17

*Perfect 10, Inc. v. Amazon.com, Inc.*,
508 F.3d 1146 (9th Cir. 2007) .................................................................................3, 12

*Perfect 10, Inc. v. CCBill LLC*,
488 F.3d 1102 (9th Cir. 2007) ......................................................................................12

*Reid v. ASCAP*,
No. 92 Civ. 270 (SWK), 1994 U.S. Dist. LEXIS 21510
(S.D.N.Y. Jan. 5, 1994)...................................................................................................12

*Rescuecom Corp. v. Google, Inc.*,
562 F.3d 123 (2d Cir. 2009)........................................................................................3, 10

*Ritani, LLC v. Aghjayan*,
880 F. Supp. 2d 425 (S.D.N.Y. 2012).............................................................................11

*Sperry v. Crompton Corp.*,
8 N.Y.3d 204 (2007) ........................................................................................................13

*Spinelli v. NFL*,
96 F. Supp. 3d 81 (S.D.N.Y. 2015) ...............................................................................6, 7

*Stanacard, LLC v. Rubard, LLC*,
No. 12 Civ. 5176, 2016 WL 462508 (S.D.N.Y. Feb. 3, 2016) ..................................14, 16

*Stayart v. Yahoo! Inc.*,
No. 10C0043, 2011 WL 3625242 (E.D. Wis. Aug. 17, 2011) ...........................................9

*Technomarine SA v. Jacob Time, Inc.*,
No. 12 civ. 0790 (KBF), 2012 WL 2497276 (S.D.N.Y. June 22, 2012) ...........................8

*Tiffany (NJ) Inc. v. eBay, Inc.*,
576 F. Supp. 2d 463 (S.D.N.Y. 2008),
*aff'd in relevant part*, 600 F.3d 93 (2d Cir. 2010) ..........................................................8

*Viacom Int'l, Inc. v. YouTube, Inc.*,
    676 F.3d 19 (2d Cir. 2012)................................................................12

*Wal-Mart Stores v. Samara Bros.*,
    529 U.S. 205 (2000).....................................................................7

*Woolcott v. Baratta*,
    No. 13-CV-2964 (JS)(GRB), 2014 WL 1814130 (E.D.N.Y. May 7, 2014)...............15, 16

## STATUTES

15 U.S.C. § 1114...........................................................................7

15 U.S.C. § 1125...........................................................................7

15 U.S.C. § 1127...........................................................................9

17 U.S.C. § 106............................................................................10

17 U.S.C. § 301............................................................................10

17 U.S.C. § 512.............................................................................2

## RULES

Fed. R. Civ. P. 8(a)(2)..........................................................2, 6, 7, 11

Fed. R. Civ. P. 12(b)(6)...............................................................1, 5

## OTHER AUTHORITIES

1 Nimmer Copyright Act § 1.01[B][1][g]..................................................15

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Google Inc. ("Google") respectfully moves the Court to dismiss Plaintiff Robert G. Lopez's First Amended Complaint (Dkt. 3, "FAC") for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Google is the latest target in a long line of internet service providers and other law-abiding companies who have been baselessly sued by Mr. Lopez in this District. In just the last six and a half years, Plaintiff has filed nearly 30 nuisance lawsuits against a slew of companies, including half a dozen suits since December 2016 alone. He has admitted that these complaints are part of a broader "paper game"—as he calls it—which has increased "media attention," "hype," and "buzz" for his business. Unsurprisingly, not a single one of these lawsuits has led to a successful judgment in Plaintiff's favor. This case is no different.

In this action, Plaintiff asserts claims against Google and BigCommerce, Inc. ("BigCommerce"), "an ecommerce website provider that provides hosting, shopping cart and other similar services to businesses in the apparel industry" (though he has apparently not served BigCommerce). FAC ¶ 21. He purports to state claims for trademark infringement under the Lanham Act (Count 1), unfair competition and false designation of origin under the Lanham Act (Count II), common law trademark infringement and unfair competition (Count III), copyright infringement under the Copyright Act (Count IV), unjust enrichment (Count V), and conversion (Count VI). Plaintiff seeks to proceed with these claims even though his only substantive allegation as to Google is that he "is informed and believes and thereon alleges that [Google] published and exploited a photograph and image of a cap which was a copy of Plaintiff's registered copyright and which also violates Plaintiff's trademark." *Id.* ¶ 26. But even that barebones allegation is belied by his own complaint: the only appearance of this image that the complaint identifies as appearing in Google's search results was allegedly at the URL "https://www.google.com/blank.html"—which is just that: a blank webpage. *Id.* Ex. D. Plaintiff

identifies no other location or instance where Google supposedly "published and exploited" Plaintiff's copyrights or trademark.[1]

Each of Plaintiff's claims against Google must be dismissed with prejudice. As an initial matter, Plaintiff makes virtually no substantive allegations against Google. Plaintiff instead refers vaguely to "Defendants" without differentiating in any way between Google and BigCommerce or even trying to explain what Google supposedly did to violate Plaintiff's legal rights. By lumping both defendants together in this way, Plaintiff fails to satisfy even the most basic pleading requirements under Fed. R. Civ. P. 8(a)(2). Beyond this threshold pleading failure, Plaintiff's claims are substantively meritless. Plaintiff's trademark claims fail because the mere appearance of a trademark in Google's search results does not constitute "use in commerce" sufficient to state a claim for infringement. Plaintiff's copyright claim fails because he alleges no facts to support the suggestion that Google infringed his copyrighted work; and even if he did, Google's display of search results is an established fair use that, as a matter of law, does not constitute copyright infringement. Plaintiff's state law claims for unjust enrichment and conversion are totally frivolous and have no application to this set of facts. Those causes of action are also preempted by the Copyright Act.

For all these reasons, Plaintiff's latest nuisance lawsuit against Google must be dismissed.

## FACTUAL BACKGROUND

### A. Google's Search Engine

Google provides various Internet services to the public through its website located at http://www.google.com, including a search engine that indexes other websites so they may be located through user-generated search queries. Google's search technology allows users to find websites, images, products, and other items located across the Internet. *See, e.g., Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 495 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 833 (3d Cir. 2007)

---

[1] Plaintiff's only other mention of "Google" in the FAC is a general description of the service and a conclusory assertion that it does not qualify for protection under the safe harbors of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. FAC ¶¶ 10, 23-24.

(describing Google's search engine). Unless the search results link to content actually authored by Google (none of which is at issue in this case), the links and images displayed in search results are simply pointers to content generated by third parties "which are captured by an algorithm used by the search engine, which uses neutral and objective criteria." *Obado v. Magedson*, No. 13–2382 (JAP), 2014 WL 3778261, at *6 (D.N.J. July 31, 2014), *aff'd*, 612 F. App'x 90 (3d Cir. 2015).

Google's search technology responds to user-generated search queries by providing an automated "list of links to websites, ordered in what Google deems to be of descending relevance to the user's search terms based on its proprietary algorithms." *Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 125 (2d Cir. 2009). Thus, if a user searches for a certain copyrighted work or trademark, Google's automated search engine will provide a list of links to websites that Google's technology instantly determines to be relevant to that work or mark, as well as relevant thumbnail images that are located on those third-party sites. *Id.* By clicking on a link or image in Google's search results, a user may access the originating website where he or she can obtain additional information regarding the searched-for term or phrase. *Id.* Courts have repeatedly held that Google and other search engines make "fair use" of the images that they include as pointers in their search results. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1163-68 (9th Cir. 2007); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 815-22 (9th Cir. 2003); *Authors Guild v. Google, Inc.*, 804 F.3d 202, 212-25, 229 (2d Cir. 2015), *cert. denied*, 136 S.Ct. 1658 (2016).

## B.     Plaintiff Robert G. Lopez

Plaintiff alleges that he, through his clothing business L.E.S. Clothing Co., is the owner of a stylized "HUSTLE" trademark registered under New York law which he has incorporated into several items of clothing since at least 2014. FAC ¶¶ 11-20 & Exs. A, C. Plaintiff also claims to own a federally-registered copyright in the design of a cap bearing the stylized HUSTLE mark, titled the "Hustle Snapback Design." *Id.* ¶¶ 11-20 & Ex. B.

Plaintiff is a serial litigator. In this District alone, he has filed 28 *pro se* lawsuits since late 2010, including six since December 2016. His targets include a wide variety of internet

service providers and retailers, including Instagram, Tumblr, Shopify, Skreened, Redbubble, The Gap, Old Navy, Urban Outfitters, J. Crew, Aeropostale, American Eagle, Forever 21, Hanes, Puma, Macy's, Bloomingdales, Nordstom, Sears, Payless Shoes, Coat of Arms, Mitchell & Ness, Teespring, DrJays, Shirts Without Buttons, Zumiez, Ooshirts, Cotton on USA, Society6, Demand Media, and Sixty Hotels.[2]

Not one of these cases has resulted in a judgment in Plaintiff's favor. While the six most recent cases (including this one) are still pending, Plaintiff voluntarily dismissed virtually all of the others. The only exception was *Lopez v. Gap, Inc.,* 883 F. Supp. 2d 400 (S.D.N.Y. 2012), where the court dismissed Plaintiff's claims at summary judgment. In that case, Plaintiff admitted in deposition that his lawsuits—which he refers to as his "paper game"—have

---

[2] In order of filing date: *Lopez v. Payless Shoes Source. Inc.*, 1:10-cv-08962-JSR-HBP (S.D.N.Y.); *Lopez v. J. Crew Inc. and J. Crew Int'l, Inc.*, 1:11-cv-00450-LTS-GSG (S.D.N.Y.); *Lopez v. Aeropostale, Inc. and Aeropostale Procurement, Inc.*, 1:11-cv-02047-WHP (S.D.N.Y.); *Lopez v. The Gap, Inc., Gap Int'l Sourcing, Inc., Old Navy, LLC, and Old Navy Apparel, LLC*, 1:11-cv-03185-PAE (S.D.N.Y.); *Lopez v. Urban Outfitters, Inc.*, 1:11-cv-03929-PGG (S.D.N.Y.); *Lopez v. Aeropostale, Inc. and Aeropostale Procurement, Inc.*, 1:11-cv-04166-RMB (S.D.N.Y.); *Lopez v. Coat of Arms LLC, Mitchell & Ness Nostalgia, Co. and Hanesbrands, Inc.*, 1:11-cv-07580-LBS-DCF (S.D.N.Y.); *Lopez v. Macys.com, Inc.*, 1:12-cv-04621-PGG (S.D.N.Y.); *Lopez v. Teespring, Inc.*, 1:15-cv-03885-RJS (S.D.N.Y.); *Lopez v. Puma North America, Inc.*, 1:15-CV-08874-GHW (S.D.N.Y.); *Lopez v. Sears Holdings Corp.*, 1:15-cv-10068-WHP (S.D.N.Y.); *Lopez v. Bloomingdales Inc.*, 1:16-cv-00752-LGS (S.D.N.Y.); *Lopez v. Nordstrom Inc.*, 1:16-cv-03194-RJS (S.D.N.Y.); *Lopez v. Daniel Fox and Screened LTD*, 1:16-cv-03936-VEC-KNF (S.D.N.Y.); *Lopez v. Shirts Without Buttons LLC and Micha Weinblatt*, 1:16-cv-04399-LTS-SN (S.D.N.Y.); *Lopez v. Zumiez Inc.*, 1:16-cv-04395-RJS (S.D.N.Y.); *Lopez v. Sixty Hotels, LLC*, 1:16-cv-04835-KPF (S.D.N.Y.); *Lopez v. Forever 21 Retail Inc.*, 1:16-cv-05123-JPO (S.D.N.Y.); *Lopez v. Ooshirts, Inc. and Tumblr Inc.*, 1:16-cv-05426-GHW (S.D.N.Y.); *Lopez v. Cotton on USA, Inc.*, 1:16-cv-06919-PGG (S.D.N.Y.); *Lopez v. Society6 LLC and Demand Media Inc.*, 1:16-cv-06958-AJN (S.D.N.Y.); *Lopez v. American Eagle Outfitters, Inc.*, 1:16-cv-08086-GHW (S.D.N.Y.); *Lopez v. Shopify, Inc. and Shopify (USA) Inc.*, 1:16-cv-09761-VEC-AJP (S.D.N.Y.); *Lopez v. RedBubble*, 1:16-cv-10054-VSB (S.D.N.Y.); *Lopez v. Instagram Inc.*, 1:16-CV-09876-RJS (S.D.N.Y.); *Lopez v. DrJays.com, Inc.*, 1:16-cv-10053-VSB (S.D.N.Y.); *Lopez v. Screened LTD and Daniel Fox*, 1:17-cv-00142-JGK (S.D.N.Y.).

increased "media attention" and "add a little hype and buzz" to his business. No. 1:11-cv-03185 (PAE), Dkt. 38-2 at 143:24-144:12, 146:3-23.[3]

This latest action is yet another episode of Plaintiff's "paper game." As explained below, Plaintiff's complaint is totally deficient and fails to state any viable claim against Google. It must be dismissed.

## ARGUMENT

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Moreover, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678; *see also Twombly*, 550 U.S. at 555 (courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (citation omitted). Rather than a "formulaic recitation" of the elements of a claim (*Iqbal*, 556 U.S. at 681), a plaintiff must assert "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief" (*id.* at 679). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[3] Plaintiff has also faced sanctions in federal court. In *Amalgam Entertainment, LLC, et al. v. Lal, et al.*, No. 1:09-cv-11601-WGY (D. Mass), Amalgam Entertainment sued Plaintiff for his participation in a conspiracy to fraudulently register Amalgam's trademark and extort money from the lawful owner of the mark. The district court entered a default judgment against Plaintiff as a sanction for his "complete refusal to participate in discovery … and a complete refusal to comply with [his] obligations under the Federal and Local Rules of Civil Procedure and the prior Orders of [the] Court." *Id.* Dkt. 34. at 1.

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

I.  **ALL OF PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILING TO MAKE SPECIFIC ALLEGATIONS OF MISCONDUCT AS TO GOOGLE**

Rule 8 requires Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001). "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct," a complaint "fail[s] to satisfy this minimum standard[.]" *Id.* (affirming dismissal of complaint which "failed to differentiate among the defendants, alleging instead violations by 'the defendants'").

This basic pleading requirement applies to complaints like Plaintiff's here, where a group of unspecified "defendants" are vaguely accused of infringing a plaintiff's intellectual property rights. *See Spinelli v. NFL*, 96 F. Supp. 3d 81, 128 (S.D.N.Y. 2015) (dismissing infringement claims against all NFL football teams: "Although Plaintiffs bring copyright infringement claims against 'all defendants,' Plaintiffs fail to make allegations of specific instances of copyright infringement by any of the 32 NFL Clubs…. To the extent that the NFL Clubs are nominally included in the 'catch all' infringement claim against 'all defendants,' this lack of specificity in the allegations fails to satisfy basic pleading standards, and therefore the infringement claim must be dismissed as to the NFL Clubs.").

In this case, as in *Atuahene* and *Spinelli*, Plaintiff fails to make any specific allegations of infringement against Google. Instead, he lumps both defendants together without providing any factual basis to distinguish their conduct. The only hint of substantive allegations against Google is that it supposedly "published and exploited a photograph and image of a cap which was a copy of Plaintiff's registered copyright and which also violates Plaintiff's trademark." FAC ¶ 26. But the only specified instance of an alleged publication of Plaintiff's work by Google is a reference

to a blank webpage. *Id.* Ex. D, *available at* https://www.google.com/blank.html. Google cannot respond to other allegations vaguely asserted against "Defendants" without knowing whether such allegations (if any) are actually attributable to Google as opposed to BigCommerce. It is impossible to discern from the FAC what Google supposedly did wrong. As such, the FAC does not meet the minimum pleading requirements under Rule 8(a)(2).

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT

Plaintiff's first three causes of action are for trademark infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114), unfair competition and false designation of origin under Section 43 of the Lanham Act (15 U.S.C. § 1125), and trademark and unfair competition under New York common law. Each of these claims are fatally deficient because Plaintiff fails to allege, and could not possibly allege, that Google "used" his trademark "in commerce" through the standard operation of its search engine.

As an initial matter, Plaintiff has no standing to assert a claim for federal trademark infringement under Section 32(1) of the Lanham Act because he never registered his stylized HUSTLE mark with the United States Patent and Trademark Office. *See* 15 U.S.C. § 1114(1)(a) ("Any person who shall, without the consent of the *registrant* … use in commerce any reproduction, counterfeit, copy, or colorable imitation of a *registered* mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive … shall be liable in a civil action *by the registrant* for the remedies hereinafter provided.") (emphasis added); *also, e.g., Globalaw Ltd. v. Carmon & Carmon Law Office & Globalaw, Inc.*, 452 F. Supp. 2d 1, 25 (D.D.C. 2006) (dismissing federal infringement claim under Section 32(1) where plaintiff never successfully registered his mark on a federal register) (citing *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205, 209 (2000) ("Registration of a mark … enables the owner to sue an infringer under § 32, 15 U.S.C. § 1114[.]")). That dispenses with Count One.

As for Count Two, Section 43 of the Lanham Act provides a cause of action to any owner of a registered or non-registered mark for unfair competition and false designation of origin against "[a]ny person who, on or in connection with any goods or services … *uses in commerce* any word, term, name, symbol, or device, or any combination thereof … which … is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]" 15 U.S.C. § 1125(a) (emphasis added). As to Count Three, which asserts trademark claims under New York law, "the standard for trademark infringement and unfair competition under the Lanham Act is virtually identical to that under New York common law, except that the latter requires an additional showing of bad faith." *Technomarine SA v. Jacob Time, Inc.*, No. 12 civ. 0790 (KBF), 2012 WL 2497276, at *5 (S.D.N.Y. June 22, 2012); *accord, e.g.*, *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 519 (S.D.N.Y. 2008) ("Since Tiffany has failed to prove its Lanham Act claims, it follows *a fortiori* that it has failed to prove its common law claims as well."), *aff'd in relevant part*, 600 F.3d 93, 101 n.6 (2d Cir. 2010).

In order to proceed with *any* of his trademark claims, therefore, Plaintiff must establish that Google "use[d] in commerce" his stylized HUSTLE mark. *Accord 1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400, 412 (2d Cir. 2005), *cert. denied*, 546 U.S. 1033 (2005) ("'[U]se' must be decided as a threshold matter because, while any number of activities may be 'in commerce' or create a likelihood of confusion, no such activity is actionable under the Lanham Act absent the 'use' of a trademark."). The FAC utterly fails to do so. Plaintiff does not even allege that Google used the mark in commerce, much less put forward factual allegations that make it plausible to reach that conclusion. As noted, the FAC's only substantive allegation against Google is that it "published and exploited a photograph and image of a cap" that included Plaintiff's mark. FAC ¶ 26. Plaintiff does not explain what this means, but it is not a use in commerce under the trademark laws. "[A] mark shall be deemed to be in use in commerce … (1) on goods when it is placed in any manner on the goods or their containers or the displays

associated therewith or on the tags or labels affixed thereto, … and … the goods are sold or transported in commerce, and … (2) on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce, … and the person rendering the services is engaged in commerce in connection with the services." 15 U.S.C. § 1127. Nothing like that is alleged here.

Nor could Plaintiff make such an allegation regarding Google's organic search result. While nearly impossible to discern from the allegations in the complaint, it appears that the gravamen of Plaintiff's claims against Google is that a photograph of a hat bearing Plaintiff's stylized HUSTLE mark appeared in Google's image search results. Plaintiff does not allege (nor could he) that Google ever sold the HUSTLE mark or even that it ever displayed an image bearing the mark in paid search results or other advertisements. The most that Plaintiff could possibly allege (though the FAC does not even do that) is that Google's automated technology displayed an isolated picture of an item bearing his mark in non-paid, organic image search results in response to a user-generated search query. But, as a matter of law, the mere *appearance* of a trademark in natural search results does not constitute "use in commerce."

As explained above, organic search results simply display automated links and/or images from third-party websites that are determined to be relevant to a user's search query by operation of Google's algorithms. By definition, organic search results are not advertisements. *Cf. Stayart v. Yahoo! Inc.*, No. 10C0043, 2011 WL 3625242, at *3 (E.D. Wis. Aug. 17, 2011) ("An internet search engine does not use a person's name for [advertising or trade] purposes when it reports information found on internet websites.") (citation omitted); *Obado*, 2014 WL 3778261, at *7 ("The mere appearance of Plaintiff's name or image as part of the search results displayed in response to a user-generated query does not mean that the relevant company used Plaintiff'[s] name for advertising or trade purposes."). And such results simply do not involve commercial uses of any trademarks that happen to be included in them. No court has ever suggested such a thing, and for good reason. Exposing search engines to trademark liability merely for making information available about the appearance of various goods and services on the Internet would

unmoor trademark law from its foundations and make the operation of any search service impossible.

In *Rescuecom*, the Second Circuit held that Google's *paid* search results may constitute "use in commerce" if "Google displays, offers, and sells [a] mark to Google's advertising customers when selling its advertising services." 562 F.3d at 129. But even where search advertising is at issue, it does not necessarily amount to a use in commerce. The Second Circuit made that clear in *1-800 Contacts*, which held that an advertising service does *not* "use" a trademark "in commerce" so long as it does not "'sell' keyword trademarks to its customers or otherwise manipulate which category-related advertisement will pop up in response to any particular terms[.]" 414 F.3d at 411-12; *cf. Manchanda v. Google*, No. 16-CV-3350 (JPO), 2016 WL 6806250, at *3-4 & n.5 (S.D.N.Y. Nov. 16, 2016) (dismissing trademark claims against Google and other search engines based on the appearance of plaintiff's trademarks in organic search results and observing that the plaintiff "has not identified any advertisements using his marks from which Defendants received monetary benefit"). This case, where Plaintiff does not and could not allege that Google used his mark in search-related advertising at all, falls entirely outside of anything covered by the trademark laws. Counts 1-3 should therefore be dismissed with prejudice.

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

Plaintiff's copyright claim is equally unsubstantial. The FAC is woefully deficient in pleading this claim, and any further amendment would be futile.

"A claim of copyright infringement under federal law requires proof that (1) the plaintiff had a valid copyright in the work allegedly infringed and (2) the defendant infringed the plaintiff's copyright by violating one of the exclusive rights that 17 U.S.C. § 106 bestows upon the copyright holder." *Jinjit, Ltd. v. Jovani Fashion, Ltd.*, No. 14-CV-2585 (DAB), 2016 U.S. Dist. LEXIS 44863, at *17 (S.D.N.Y. Mar. 30, 2016) (citation omitted). "Courts in this District have held that a copyright claim must allege (1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights

have been registered in accordance with the statute, and (4) *by what acts during what time the defendant infringed the copyright*." *Id.* (emphasis added; citation omitted).

As to the fourth element, "Rule 8(a)(2) has been construed to require a plaintiff to plead *with specificity* the acts by which a defendant has committed copyright infringement." *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (emphasis added). "A properly plead [ ] copyright infringement claim must allege … by what acts during what time the defendant infringed the copyright…. It must set out the particular infringing acts … with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8." *Id.* (citation omitted); *accord, e.g.*, *Palmer Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890 (TPG), 2014 WL 1303135, at *3 (S.D.N.Y. Mar. 31, 2014) ("Rule 8 was designed to provide defendants with fair notice of the claims against them and therefore requires that the alleged infringing acts be stated with some specificity…. A plaintiff may not rest on bare-bones allegations that infringement occurred.") (citation omitted).

Plaintiff's claim does not come close to satisfying these requirements. The FAC provides absolutely no details as to when or how Google allegedly infringed Plaintiff's copyright. As described above, Plaintiff's sole allegation is that he "is informed and believes and thereon alleges that [Google] published and exploited a photograph and image of a cap which was a copy of Plaintiffs registered copyright …." FAC ¶ 26. This is precisely the kind of broad, sweeping allegation that courts in this District routinely dismiss. *See, e.g.*, *Jinjit*, 2016 U.S. Dist. LEXIS 44863, at *30-32 & n.9 (dismissing infringement claim as "vague and conclusory" where plaintiff alleged "[u]pon information and belief, [defendant] displayed the copyrighted photograph on its website after its permission to use photographs had terminated"); *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 440-41 (S.D.N.Y. 2012) (dismissing infringement claim that defendants "used Plaintiff's copyright protected designs to create their design portfolio," because "there are no facts alleged in the Amended Complaint as to how or when [defendant] violated any of the listed copyrights"); *Marvullo*, 105 F. Supp. 2d at 228 ("[P]laintiff's unadorned allegation in paragraph nine that defendants have published the McNeely photograph 'beyond

the scope … of the limited license,' absent any factual support, merely states a legal conclusion insufficient to withstand a motion to dismiss"); *Reid v. ASCAP*, No. 92 Civ. 270 (SWK), 1994 U.S. Dist. LEXIS 21510, at *5-6 (S.D.N.Y. Jan. 5, 1994) (dismissing infringement claim where plaintiff failed to allege "by what act or acts and on what dates" defendant duplicated sound recordings as alleged in the complaint).

Nor should Plaintiff be given leave to file yet another amended complaint to fix these pleading deficiencies. That is because any properly pleaded claim here would fail as a matter of law. It appears that Plaintiff's contention is that a photograph of his purportedly copyrighted design appeared as a thumbnail image in Google's search results. But it is well settled that a search engine's display of thumbnail images in search results is a non-infringing fair use. The Ninth Circuit has twice held exactly that, including in a case involving Google's image search engine. *Perfect 10*, 508 F.3d at 1163-68; *Kelly*, 336 F.3d at 815-22 (as to similar image search engine). Following these holdings, the Second Circuit recently held that Google Books engages in fair use by displaying snippets of copyrighted books in response to users' search queries. *Authors Guild*, 804 F.3d at 212-25, 229 ("Google's unauthorized digitizing of copyright-protected works, creation of a search functionality, and display of snippets from those works are non-infringing fair uses.") (citing *Perfect 10* and *Kelly*). Accordingly, even if Plaintiff could plead sufficient facts to put forward a discernable copyright claim, that effort would be futile as it would run headlong into this established case law.[4]

---

[4] Even beyond the protections of fair use, any copyright claim in this case would also be defeated by the DMCA's safe harbor for "information location tools." 17 U.S.C. § 512(d); *see also, e.g.*, *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012). Google has repeatedly offered to remove any allegedly infringing materials appearing in its search results if Plaintiff identifies a specific URL or location where those materials appear, but Plaintiff has refused to do so—aside from the blank web page in Exhibit D, which showed no infringement at all. Plaintiff's approach has made it impossible for Google to identify and remove any content he believes to be infringing. *See Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1111-13 (9th Cir. 2007).

## IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT, AND EVEN IF HE DID, IT WOULD BE PREEMPTED BY THE COPYRIGHT ACT

Plaintiff vaguely alleges that "Defendants" are liable for "unjust enrichment" because they have "unjustly retained profits from the sale, order processing and advertising of clothing goods and accessories bearing Plaintiff's HUSTLE[ ] mark as well as Plaintiff's copyrighted Hustle Snapback Design." FAC ¶ 51. Although it is unclear whether this allegation even applies to Google as opposed to BigCommerce, it fails to state a claim for unjust enrichment under New York law.

The New York Court of Appeals has repeatedly held that unjust enrichment depends upon the existence of a "quasi contract" between a plaintiff and defendant. *Georgia Malone & Co., Inc. v Rieder*, 19 N.Y.3d 511, 516 (2012). The tort "contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties." *Id.* (citation omitted). Thus, "[t]he essential inquiry in any action for unjust enrichment … is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) (citations omitted). This requires, among other things, a close "relationship between the parties." *Id.* "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated…. [T]here are no indicia of an enrichment that was unjust where the pleadings fail[ ] to indicate a relationship between the parties that could have caused reliance or inducement." *Id.* at 182-83.

Here, Plaintiff alleges no relationship whatsoever between him and Google—nor could he. He does not (and could not) allege that the parties entered into some kind of quasi-contractual partnership for the promotion or sale of his apparel. This alone defeats his claim. *See Mandarin Trading*, 16 N.Y.3d at 182-83 (dismissing unjust enrichment claim where plaintiff's "conclusory allegations" "failed to indicate a relationship between the parties that could have caused reliance or inducement"); *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 215-16 (2007) (dismissing unjust enrichment claim where alleged connection between parties was "simply too attenuated to

support such a claim"); *Georgia Malone & Co.*, 19 N.Y.3d at 517-18 (dismissing unjust enrichment claim where "the complaint does not assert that [the parties] had any contact" regarding business transaction at issue).

Beyond that, any claim for unjust enrichment in this case would be expressly preempted by Section 301 of the Copyright Act. Under this provision, "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright … and come within the subject matter of copyright … are governed exclusively by this title…. [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301. Section 301 preempts "those state law rights that 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights' provided by federal copyright law." *Computer Assocs. Int'l v. Altai*, 982 F.2d 693, 716 (2d Cir. 1992). "State law claims may proceed only if those claims contain extra elements that make it *qualitatively different* from a copyright infringement claim…. More specifically, '[i]f unauthorized publication is the gravamen of [plaintiff's] claim, then it is clear that the right [she] seek[s] to protect is coextensive with an exclusive right already safeguarded by the [Copyright] Act' and thus that state law claim is preempted." *Miller v. Holtzbrinck Publrs., L.L.C.*, 377 F. App'x. 72, 73-74 (2d Cir. 2010) (emphasis added; citations omitted).

That is exactly the situation here. Plaintiff's unjust enrichment claim is based entirely on the alleged unauthorized use of his copyrighted clothing design. "It is well-settled law in this circuit that an unjust enrichment claim based on copyrighted subject matter is preempted by the Copyright Act, because a claim for unjust enrichment contains no 'extra element' that makes it qualitatively different from a copyright infringement claim…. Where the gravamen of an unjust enrichment claim is that defendants 'unjustly benefitted from unauthorized use' of a work within the scope of the Copyright Act—precisely what Plaintiff alleges here—the claim is preempted." *Stanacard, LLC v. Rubard, LLC*, No. 12 Civ. 5176, 2016 WL 462508, at *22 (S.D.N.Y. Feb. 3, 2016); *accord, e.g.*, *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306-07 (2d Cir. 2004) ("While enrichment is not required for copyright infringement, we do not believe that

it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim."); *Patrick v. Francis*, 887 F. Supp. 481, 484 (W.D.N.Y. 1995) ("The claim that the unauthorized copying of plaintiff's work unjustly enriched defendants is equivalent to exclusive rights within the general scope of copyright."); *see also* 1 Nimmer on Copyright § 1.01[B][1][g] ("[A] state law cause of action for unjust enrichment or *quasi contract* should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter."). This claim therefore should be dismissed with prejudice.

## V. PLAINTIFF FAILS TO STATE A CLAIM FOR CONVERSION, AND EVEN IF HE DID, IT WOULD BE PREEMPTED BY THE COPYRIGHT ACT

Finally, Plaintiff alleges that "Defendants" are liable for "conversion" because they "have continued and are presently using Plaintiff's HUSTLE copyright and trademark," and "have continuously introduced, sold and/or offered for sale products bearing Plaintiff's trademarks and copyright and are continuing to profit off of Plaintiffs' intellectual property." FAC ¶¶ 54-55. This cause of action must be dismissed for the same reasons as the unjust enrichment claim: Plaintiff fails to state a viable claim for relief and, even if he did, any claim would be preempted.

*First*, the tort of conversion is completely inapplicable to this case. "[A] conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's *right of possession*." *Woolcott v. Baratta*, No. 13-CV-2964 (JS)(GRB), 2014 WL 1814130, at *10 (E.D.N.Y. May 7, 2014) (emphasis in original) (citing *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49-50 (2006)). This "requires not merely temporary interference with property rights, but the exercise of unauthorized dominion and control *to the complete exclusion of the rightful possessor.*" *Harper & Row, Publrs. v. Nation Enters.*, 723 F.2d 195, 201 (2d Cir. 1983) (emphasis added), *rev'd on other grounds*, 471 U.S. 539 (1985). "Though New York courts have held that the misappropriation of intangible property, such as electronic records stored on a computer, can give rise to a claim for conversion, … an action for conversion of intangible

property must still satisfy the requirement of unauthorized dominion and control to the complete exclusion of the rightful possessor." *Stanacard,* 2016 WL 462508, at *21.

Here, Plaintiff's conversion claim is based on the notion that "Defendants" used his copyrighted design and trademark without authorization. He cannot possibly allege that Google physically took his intangible intellectual property in a way that excluded him from using the same. Indeed, Plaintiff's own FAC attaches images of his website in which his company continues to make full use of his alleged copyrights and trademarks. *See* FAC Ex. A. The tort of conversion simply does not apply. *See, e.g.*, *Stanacard,* 2016 WL 462508, at *21 (dismissing conversion claim based on defendants' alleged use of plaintiff's software, trade secrets, and systems, where there was no evidence "that Defendants' alleged use of the trade secrets or systems interfered, in any way, with [Plaintiff's] own use of that same information").

*Second*, Section 301 bars any conversion claim. The Second Circuit has expressly held that "[a] conversion claim is necessarily preempted" where it turns on an allegedly "unauthorized publication" because "the right [plaintiff] seek[s] to protect is coextensive with an exclusive right already safeguarded by the [Copyright] Act—namely, control over reproduction and derivative use of copyrighted material." *Harper & Row*, 723 F.2d at 201. A long line of cases have reached the same result. *See, e.g.*, *Kakizaki v. Riedel*, 811 F. Supp. 129, 133 (S.D.N.Y. 1992) ("Although conversion is actually a claim based on the physical taking of the property of another, plaintiff alleges that defendant's use of the photo by reproducing copies of it amounts to misappropriation and conversion. Thus, plaintiff is actually alleging that defendant infringed his copyright in his expression as embodied in the photo. Such an act on defendant's part is covered by the Copyright Act of 1976 and plaintiff's claim is therefore preempted."); *Woolcott*, 2014 WL 1814130, at *10 ("[B]ecause Woolcott's claim for conversion 'comprise[s] the same materials for which [Woolcott] sought copyright protection, rather than conversion of physical documents,' the conversion claim is preempted by Woolcott's copyright claim.") (citation omitted); *Stanacard*, 2016 WL 462508, at *21 (dismissing aspect of conversion claim which "merely alleges that Defendants impermissibly used a reproduction of Stanacard's software—a

claim that is not qualitatively different from a copyright claim"); *Patrick*, 887 F. Supp. at 484 (conversion claim "to recover for the unauthorized copying of plaintiff's work … contains no elements qualitatively different from plaintiff's rights under the Copyright Act" and is therefore preempted). The conversation claim here suffers the same fate.

## CONCLUSION

For these reasons, this action should be dismissed as to Google for failure to state a claim upon which relief can be granted. Plaintiff's claims fail as a matter of law, and any amendment would be futile, so the dismissal should be with prejudice.

Dated: February 24, 2017

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: *s/ Brian M. Willen*

Brian M. Willen
Jason Mollick
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com
Email: jmollick@wsgr.com

*Counsel for Defendant Google Inc.*