BRIAN M. WILLEN
JASON MOLLICK
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com
Email: jmollick@wsgr.com

*Counsel for Defendant Google Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT G. LOPEZ, *pro se*,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BIGCOMMERCE, INC. and<br>GOOGLE INC.,<br><br>　　　　　　Defendants. | Case No. 1:16-cv-08970-JPO |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANT GOOGLE INC.'S MOTION TO DISMISS**

On February 24, 2017, Defendant Google Inc. ("Google") moved to dismiss Plaintiff Robert G. Lopez's First Amended Complaint (Dkt. 3, "FAC") for failure to state a claim upon which relief can be granted. Dkt. 18. Plaintiff's opposition brief (Dkt. 21, "Opp. Br.") fails to address any of the FAC's factual or legal deficiencies that Google identified in its opening brief (Dkt. 19, "MTD Br."). Plaintiff's brief makes clear that this case should be dismissed and that any amendment would be futile.

First, as explained in Google's opening brief, the FAC impermissibly lumps two completely separate "Defendants" together without providing any factual basis to distinguish their conduct or to assert particular claims against Google. MTD Br. at 6-7. Plaintiff does not respond on this point. He offers no explanation of his allegations against Google beyond the hopelessly vague assertion in the FAC that Plaintiff "is informed and believes and thereon alleges that Defendant Google, Inc. published and exploited a photograph and image of a cap which was a copy of Plaintiff's registered copyright and which also violates Plaintiff's trademark." FAC ¶ 26. Google has explained why this is not enough to state a claim. Plaintiff ignores Google's argument and continues to provide absolutely no information about when or how Google allegedly infringed his copyright or trademark.

Indeed, had Plaintiff provided information about where in Google's search results images that allegedly infringe Plaintiff's copyright could be found (in the form of a DMCA notice or specific allegations in a legal pleading), Google could have located that image and, if circumstances warranted, removed it. *See* 17 U.S.C. § 512(d)(3). But Plaintiff did no such thing. The only instance of an alleged infringement referenced in the FAC is an isolated image of a hat that supposedly appeared at the URL "https://www.google.com/blank.html." FAC Ex. D. When one goes to that page, however, there is nothing there; as the address indicates, it is just a blank webpage. Plaintiff's opposition brief does not shed any additional light on this problem. He says that one of the exhibits to the FAC shows the image of the hat. Opp. Br. 3. So it does, but that does nothing to tell Google where in its search results that image can be found (if indeed it is even still there). As explained in Google's opening brief, Plaintiff's cryptic allegations do not

come close to meeting his requirement to set forth the specific acts by which Google supposedly engaged in copyright infringement. MTD Br. at 10-12. Plaintiff's claim for copyright infringement must therefore be dismissed.

Google further explained that even if Plaintiff could meet these pleading requirements, he would run headlong into a substantive problem: it is well settled that a search engine's display of thumbnails on Internet search results is a "fair use" under the Copyright Act. MTD Br. at 12 (citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1163-68 (9th Cir. 2007); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 815-22 (9th Cir. 2003); *Authors Guild v. Google, Inc.*, 804 F.3d 202, 212-25, 229 (2d Cir. 2015), *cert. denied*, 136 S.Ct. 1658 (2016)). Plaintiff does not dispute or respond to any of these points. Indeed, he does not engage with Google's legal argument in any way. That confirms that it would be futile to allow Plaintiff to amend his complaint to try to set forth a discernable copyright claim. As a matter of law, even if Google had returned in its search results a thumbnail image of a hat bearing Plaintiff's logo, that would not have been copyright infringement.[1]

Plaintiff likewise fails to address any of the deficiencies in his trademark claims. Plaintiff's opposition brief focuses solely on whether the FAC pleads a "likelihood of confusion" arising from Google's alleged display of his trademark. Opp. Br. at 5-6. But Google did not challenge Plaintiff's allegations of confusion for purposes of this motion to dismiss. Instead, Google explained that Plaintiff fails to state a trademark claim because, as a matter of law, the

---

[1] As Google explained in its opening brief (MTD Br. at 12 n.4), any copyright claim based on the contents of Google's search results would also be subject to the statutory safe harbor for "information location tools" under Section 512(d) of DMCA. Plaintiff argues that Google cannot benefit from this safe harbor because it supposedly was "put on notice" of infringing activity and "failed to expeditiously remove the infringing content, which is the only reason Plaintiff pursued the current action against it." Opp. Br. at 3. That is simply not true. As explained above, the only Google URL that Plaintiff has ever identified was a blank web page—"https://www.google.com/blank.html"—that did not provide Google with "information reasonably sufficient" to "locate" the "reference or link" to allegedly infringing material, an essential requirement under the DMCA. 17 U.S.C. § 512(d)(3). Nor has Plaintiff provided any other information to Google under this notice and takedown provision. As a result, it is impossible for Google to identify and remove any content Plaintiff believes to be infringing.

mere appearance of a trademark in natural search results is not a "use in commerce" under the Lanham Act or state common law. MTD Br. at 8-10 (citing, *e.g.*, *1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400, 411-12 (2d Cir. 2005), *cert. denied*, 546 U.S. 1033 (2005); *Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 129 (2d Cir. 2009); *Manchanda v. Google*, No. 16-CV-3350 (JPO), 2016 WL 6806250, at *3-4 & n.5 (S.D.N.Y. Nov. 16, 2016)).

Plaintiff's only response is that "it is not a Plaintiff's burden or obligation in a trademark infringement action to show that the accused mark is used in a trademark sense and only to show that the accused mark creates a likelihood of confusion." Opp Br. at 4. That is incorrect. As the Second Circuit has held: "Plaintiffs are required to show 'use in commerce' as an element of an infringement claim." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 305 (2d Cir. 2013); *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, No. 15-cv-4244 (JGK), 2016 U.S. Dist. LEXIS 123116, at *42 (S.D.N.Y. Sept. 9, 2016) ("Demonstrating use in commerce is a threshold burden because no activity is actionable under the Lanham Act absent the use of a trademark.") (quotation omitted).[2] Plaintiff here has not alleged—and could not allege—that Google actually used his mark in commerce, that is, "in the sale or advertising of services." 15 U.S.C. § 1127 (defining "use in commerce"); *accord Kelly-Brown*, 717 F.3d at 306 ("[I]n determining whether the plaintiffs have satisfied the 'use in commerce' requirement, we ask whether the trademark has been displayed to consumers in connection with a commercial transaction."). Indeed, Plaintiff makes no argument on this point. His trademark claims thus fail as a matter of law. *Accord Technomarine SA v. Jacob Time, Inc.*, No. 12 Civ. 0790 (KBF), 2012 WL 2497276, at *5 (S.D.N.Y. June 22, 2012) (holding that "the standard for trademark infringement and unfair competition under the Lanham Act is virtually identical to that under New York common law").

---

[2] The Second Circuit held in *Kelly-Brown* that a trademark plaintiff is not required to "show that the defendant was using the allegedly infringing content 'as a mark' as a threshold issue in order to establish consumer confusion" (717 F.3d at 308), but that is not what Google is arguing here. Plaintiff's claim in this case fails because Plaintiff fails to allege "use in commerce," which is a separate issue from whether the defendant used the mark *as a mark*. *Id*. at 306.

Finally, Plaintiff's opposition brief says nothing about his state law claims for unjust enrichment and conversion. As explained in Google's opening brief, these claims are frivolous and as a matter of law are inapplicable to the facts alleged here. Even if they did, moreover, both claims would be preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301. MTD Br. at 13-17. Plaintiff has no response. His silence concedes that these claims fail as a matter of law.

## **CONCLUSION**

For these reasons, the FAC fails to state a claim and should be dismissed. Because any further amendment would be futile, the dismissal should be with prejudice.

Dated: March 29, 2017

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: *s/ Brian M. Willen*

Brian M. Willen
Jason Mollick
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com
Email: jmollick@wsgr.com

*Counsel for Defendant Google Inc.*