UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ,

                                      Plaintiff,

                      -v-

BIGCOMMERCE, INC. and GOOGLE, INC.,

                                     Defendants.

16-CV-8970 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Robert G. Lopez, proceeding *pro se*, brings this action against Defendants BigCommerce, Inc. ("BigCommerce") and Google, Inc. ("Google"), asserting six causes of action arising from the alleged infringement of his intellectual property. (Dkt. No. 3 (First Amended Complaint or "FAC").) Lopez seeks leave to file a second amended complaint, adding a seventh cause of action against Google's counsel for fraudulent misrepresentation. (Dkt. No. 13.) Google moves to dismiss all of Lopez's claims and opposes Lopez's request to amend. (Dkt. No. 18; Dkt. No. 15.) For the reasons that follow, Google's motion to dismiss is granted and Lopez's motion to file a second amended complaint is denied.

**I.    Background**

      The following facts are taken from the operative complaint and are presumed true for the purposes of this motion.

      This action was initially commenced against both BigCommerce[1] and Google. (FAC ¶¶ 9-10.) Lopez now indicates that he is no longer pursuing any claims against BigCommerce,

---

      [1]    According to the FAC, "BigCommerce is an ecommerce website provider that provides hosting, shopping cart and other similar services to businesses in the apparel industry and is an online company that hosts, exploits and publishes photographs and other images of clothing products." (FAC ¶ 21.)

1

since BigCommerce took corrective action after being notified by Lopez of its allegedly infringing activity. (Dkt. No. 21 at 3.) Google, therefore, is now the sole Defendant in this case.

According to the FAC, Google is "an online search engine provider" that "receives money and compensation through Google Adwords and in other ways from the search of products by keywords and publishes and exploits photographs and other images on the worldwide internet." (FAC ¶ 23.)

Lopez alleges that he, through his clothing business L.E.S. Clothing Co., is the owner of a stylized "HUSTLE" trademark, registered with New York State, which is printed on hats and other clothing items and sold from retail stores in New York, New Jersey, and Connecticut. (*Id.* ¶¶ 2, 11-20.) Lopez is also the owner of a federally registered copyright in the design of a cap bearing the stylized HUSTLE mark, titled the "Hustle Snapback Design." (*Id.* ¶¶ 2, 19.) Lopez alleges that Google "published and exploited a photograph and image of a cap which was a copy of Plaintiff's registered copyright and which also violates Plaintiff's trademark." (*Id.* ¶ 26.) Lopez alleges that use of his intellectual property occurred without his consent, for commercial gain, and has resulted in actual confusion in the marketplace. (*Id.* ¶¶ 27-28, 30.) Google moves to dismiss. (Dkt. No. 18.)

## II. Motion to Dismiss

### A. Legal Standard

In considering a motion to dismiss for failure to state a claim, the Court accepts as true all allegations in the complaint and draws all reasonable inferences in Plaintiff's favor. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Moreover, '[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Henning v. N.Y.C. Dep't of Correction*, No. 14 Civ. 9798, 2016 WL 297725, at *1 (S.D.N.Y. Jan. 22, 2016) (alteration in original) (internal quotation marks omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

B. **Discussion**

Lopez asserts six causes of action: (1) trademark infringement under the Lanham Act; (2) unfair competition and false designation of origin under the Lanham Act; (3) trademark infringement and unfair competition under New York common law; (4) copyright infringement under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 101, *et seq.*; (5) unjust enrichment; and (6) conversion. (FAC ¶¶ 31-56.)

Google moves to dismiss all of Lopez's claims for failure to make specific allegations of misconduct as to Google. (Dkt. No. 19 at 6-7.) Google also moves to dismiss Lopez's trademark infringement, unfair competition, and copyright infringement claims for failure to state a claim and Lopez's claims for unjust enrichment and conversion for either failure to state a claim or as preempted by the Copyright Act. (*Id.* at 7-17.) The Court addresses each argument before turning to Lopez's motion to file a Second Amended Complaint.

1. **Specific Allegations**

Federal Rule of Civil Procedure 8 requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "that a complaint be a model of clarity or exhaustively present the facts alleged," *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001), but it should give the opposing party "fair notice" of the claim to enable that party to

3

answer and prepare for trial, *id.* (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)). A complaint may fail to meet this standard if it does not sufficiently distinguish between multiple defendants, making it impossible for any particular defendant to know what alleged conduct it is liable for. *See id.* Google argues that all of Lopez's claims must be dismissed for failure to make specific allegation of misconduct as to Google. (Dkt. No. 19 at 6-7.)

Here, the FAC frequently refers to "Defendants" without distinguishing between Google and BigCommerce (*see, e.g.*, FAC ¶¶ 1-4, 27-30); and none of the six causes of action expressly distinguishes between the two originally named defendants (*see id.* ¶¶ 31-56). Nevertheless, as regards Google's liability under the six causes of action, Lopez has pleaded enough to put Google on notice of the factual bases of the pleaded claims.

Lopez specifically alleges that "Defendant Google, Inc. published and exploited a photograph and image of a cap which was a copy of Plaintiff's registered copyright and which also violates Plaintiff's trademark." (*Id.* ¶ 26.) Lopez also attached an exhibit to the FAC, which displays "[o]ne of the cap design images and photographs copied, published and exploited by Defendants." (*Id.* ¶ 29, Ex. D.) The exhibit, in turns, displays a photograph of a cap along with a Google web address.[2] (*Id.* Ex. D.) Unlike in *Atuahene*, Lopez provides *some* factual basis for liability. And unlike in *Spinelli*, only two Defendants are named in the Complaint (though Lopez is no longer pursuing claims against BigCommerce), not thirty-two. Construed liberally, in accordance with Lopez's *pro se* status, Lopez's complaint satisfies the Rule 8 pleading requirement to provide the opposing party "fair notice" of the claim to enable that party to answer and prepare for trial.

---

[2] The web address shown on the exhibit is https://www.google.com/blank.html. (FAC, Ex. D.) This link directs the user to a blank webpage.

4

## 2. Trademark Claims

Counts One through Three of the FAC allege: (1) trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §§ 1114-16; (2) unfair competition and false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); and (3) trademark infringement and unfair competition under New York common law. (FAC ¶¶ 31-42.)

As to Count One, "[r]egistration of a mark under § 2 of the Lanham Act, 15 U.S.C. § 1052, enables the owner to sue an infringer under § 32, 15 U.S.C. § 1114." *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 209 (2000). Here, Lopez has alleged registration of the stylized HUSTLE mark with New York State (FAC ¶ 20; *id.* Ex. C), but has not demonstrated registration in compliance with Section 2 of the Lanham Act, 15 U.S.C. § 1052. *See Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp. 2d 1, 25 (D.D.C. 2006) (holding that where a party does not "hold a mark . . . that has been successfully registered on the United States Principal Register of Trademarks," it "is not a 'registrant' under the parameters of Section 32(1) and cannot bring a claim pursuant to that section."). Accordingly, Count One must be dismissed.

Count Two of the FAC alleges unfair competition and false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which protects unregistered trademarks. *See Matal v. Tam*, 137 S. Ct. 1744, 1752 (2017). Section 43 requires that the owner of any registered or non-registered mark demonstrate, among other things, that the mark was "use[d] in commerce."[3] 15 U.S.C. § 1125(a). "'[U]se' must be decided as a threshold matter because, while any number of activities may be 'in commerce' or create a likelihood of confusion, no

---

[3] Lopez mistakenly asserts that "it is not a Plaintiff's burden or obligation in a trademark infringement action to show that the accused mark is used in a trademark sense and only to show that the accused mark creates a likelihood of confusion." (Dkt. No. 21 at 4.) *See Kelly-Brown v. Winfrey*, 717 F.3d 295, 305 (2d Cir. 2013) ("Plaintiffs are required to show 'use in commerce' as an element of an infringement claim.").

such activity is actionable under the Lanham Act absent the 'use' of a trademark." *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 412 (2d Cir. 2005). In the case of an operator of a search engine, such as Google, a mark is used in commerce where "Google displays, offers, and sells [the] mark to Google's advertising customers when selling its advertising services." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 129 (2d Cir. 2009).

Here, the FAC alleges that Google "published and exploited a photograph and image of a cap" that displayed Lopez's mark. (FAC ¶ 26.) And while the FAC generally describes Google as a company that "receives money and compensation through Google Adwords and in other ways from the search of products by keywords" (*id.* ¶ 23), Lopez does not allege that Google has ever offered or sold *his* mark. Instead, his theory of Google's alleged infringement is premised on the appearance of his images in organic search results, not paid advertisements. (*See id*, Ex. D (displaying an image of Plaintiff's mark on a webpage with a Google web address); Dkt. No. 23 (describing "additional acts of infringement" discovered by "conducting a Google search of the hashtag #rrhustle").) "The mere appearance of Plaintiff's name or image as part of the search results displayed in response to a user-generated query does not mean that the relevant company used Plaintiff's name for advertising or trade purposes." *Obado v. Magedson*, No. 13 Civ. 2382, 2014 WL 3778261, at *7 (D.N.J. July 31, 2014), *aff'd*, 612 F. App'x 90 (3d Cir. 2015). *See also Stayart v. Yahoo! Inc.*, No. 10 Civ. 43, 2011 WL 3625242, at *3 (E.D. Wis. Aug. 17, 2011). Lopez has not alleged facts sufficient to demonstrate use in commerce and "has not identified any advertisements using his marks from which [Google] received monetary benefit." *Manchanda v. Google*, No. 16 Civ. 3350, 2016 WL 6806250, at *4 n.5 (S.D.N.Y. Nov. 16, 2016). *Cf. Gov't Emps. Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 703-04 (E.D. Va. 2004) (holding that Google's sale to advertisers of right to use specific trademarks as "keywords" to trigger their ads as "sponsored links" in Google search results constituted "use in commerce").

Because Lopez does not sufficiently allege that Google used his mark in commerce, Count Two of the FAC must be dismissed.

As to Count Three, which asserts trademark infringement and unfair competition under New York common law, the legal standards are "virtually identical" to the standards for trademark infringement and unfair competition under the Lanham Act, except that the New York common law claims "require[] an additional showing of bad faith." *TechnoMarine SA v. Jacob Time, Inc.*, No. 12 Civ. 0790, 2012 WL 2497276, at *5 (S.D.N.Y. June 22, 2012). Because Lopez has failed to prove his Lanham Act claims, his New York common law trademark and unfair competition claims must also be dismissed. *See Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 519 (S.D.N.Y. 2008) ("Since Tiffany has failed to prove its Lanham Act claims, it follows *a fortiori* that it has failed to prove its common law claims as well."), *aff'd in relevant part*, 600 F.3d 93, 101 n.6 (2d Cir. 2010).

### 3. Copyright Claims

Count Four of the FAC alleges that Google is liable for copyright infringement under the DMCA. As described above, Lopez's theory of infringement is premised on allegations that his intellectual property is displayed when certain searches are performed on Google's search engine. (*See* FAC ¶ 26 (Lopez "is informed and believes and thereon alleges that [Google] published and exploited a photograph and image of a cap which was a copy of Plaintiff's registered copyright.").) However, because a search engine's display of thumbnail images in search results is a non-infringing fair use, this theory of copyright infringement fails. *See Authors Guild v. Google, Inc.*, 804 F.3d 202, 229 (2d Cir. 2015) (holding that "Google's unauthorized digitizing of copyright-protected works, creation of a search functionality, and display of snippets from those works are non-infringing fair uses"); *Perfect 10, Inc. v.*

7

*Amazon.com, Inc.*, 508 F.3d 1146, 1168 (9th Cir. 2007) (holding that Google's display of thumbnail images in search results is likely to be a fair use).

In any event, the FAC does not provide sufficient specificity to properly plead copyright infringement, as it fails to identify any specific instances of infringement. *See Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 440–41 (S.D.N.Y. 2012). Indeed, Google indicates that were Lopez to identify a specific URL or location where infringing material is found, it would remove any allegedly infringing materials from its search results. (Dkt. No. 19 at 12 n.4.)

Accordingly, Count Four must be dismissed.

### 4. Unjust Enrichment Claims

Lopez alleges in Count Five that Google is liable for unjust enrichment because it has "unjustly retained profits from the sale, order processing and advertising of clothing goods and accessories bearing Plaintiff's HUSTLE™ mark as well as Plaintiff's copyrighted Hustle Snapback Design." (FAC ¶ 51.)

"'[T]he theory of unjust enrichment lies as a quasi-contract claim' and contemplates 'an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties.'" *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (quoting *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009)). "[T]here are no indicia of an enrichment that was unjust where the pleadings fail[] to indicate a relationship between the parties that could have caused reliance or inducement." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). Here, Lopez does not allege any connection or relationship to Google that could have caused any reliance or inducement. As such, Count Five must be dismissed.[4]

---

[4] Google also points out that any claim for unjust enrichment is expressly preempted by Section 301 of the Copyright Act. (Dkt. No. 19 at 14-15.) Section 301 preempts

8

### 5. Conversion Claim

Count Six alleges that Google is liable for conversion because it has "continued and [is] presently using Plaintiff's HUSTLE™ copyright and trademark" and because it has "continuously introduced, sold and/or offered for sale products bearing Plaintiff's trademarks and copyright and [is] continuing to profit off of Plaintiff['s] intellectual property." (FAC ¶¶ 54-55.) "Under New York law, '[a] conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's *right of possession*.'" *Woolcott v. Baratta*, No. 13 Civ. 2964, 2014 WL 1814130, at *10 (E.D.N.Y. May 7, 2014) (second alteration in original) (quoting *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49-50 (2006)). A plaintiff fails to state a claim for conversion where there is no interference with his right of possession and he maintains access to the allegedly converted intangible intellectual property. *See Stanacard, LLC*, 2016 WL 462508, at *20 (noting that while "misappropriation of intangible property, such as electronic records stored on a computer, can give rise to a claim for conversion, an action for conversion of intangible property must still satisfy the requirement of unauthorized dominion and control to the complete exclusion of the rightful possessor" (citations omitted)).[5]

---

"those state law rights that 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights' provided by federal copyright law." *Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992) (quoting *Harper & Row, Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 200 (2d Cir. 1983)). Where, as here, Plaintiff's claim for unjust enrichment is based entirely on the alleged unauthorized use of his copyrighted design, it is preempted. *See Stanacard, LLC v. Rubard, LLC*, No. 12 Civ. 5176, 2016 WL 462508, at *22 (S.D.N.Y. Feb. 3, 2016) ("Where the gravamen of an unjust enrichment claim is that defendants 'unjustly benefitted from unauthorized use' of a work within the scope of the Copyright Act—precisely what Plaintiff alleges here—the claim is preempted." (quoting *Einiger v. Citigroup, Inc.*, No. 1:14–CV–4570–GHW, 2014 WL 4494139, at *6 (S.D.N.Y. Sept. 12, 2014))).

[5] Google points out that, even if conversion were properly pleaded, it would be preempted by Section 301 of the Copyright Act. *See Kakizaki v. Riedel*, 811 F. Supp. 129, 133 (S.D.N.Y. 1992) ("Although conversion is actually a claim based on the physical taking of the

Lopez's claim of conversion is based on the notion that Google used his copyrighted design and trademark—intangible intellectual property—without authorization. (FAC ¶¶ 54-55.) And while New York courts have held that the misappropriation of intangible property, such as electronic records stored on a computer, can give rise to a claim for conversion, *Thyroff v. Nationwide Mut. Ins. Co.*, 8 N.Y.3d 283, 292 (2007), an action for conversion of intangible property must still satisfy the requirement of unauthorized dominion and control to the complete exclusion of the rightful possessor, *Vigilant Ins. Co. of Am. v. Hous. Auth. of City of El Paso, Tex.*, 87 N.Y.2d 36, 44 (1995). Here, Lopez does not allege that Google alleged infringement interfered with Plaintiff's use of his copyright and trademark. Accordingly, Count Six must be dismissed.

For the reasons discussed above, all of Lopez's claims must be dismissed as they fail to state a claim or are preempted by the Copyright Act.

### III. Motion to Amend

Also pending before this Court is Lopez's motion to file a second amended complaint. (Dkt. No. 13.) The proposed amendment does not address any of the issues discussed in the preceding analysis, but instead seeks to add a new claim, which alleges that Google's counsel is liable for fraud resulting from certain alleged misrepresentations made in submissions to the Court. (*See* Dkt. No. 13-1 ¶¶ 62-65.)

In particular, on January 10, 2017, counsel for Google filed a letter motion with the Court requesting a 30-day extension of time to answer or otherwise respond to the FAC. (Dkt. No. 6.)

---

property of another, plaintiff alleges that defendant's use of the photo by reproducing copies of it amounts to misappropriation and conversion. Thus, plaintiff is actually alleging that defendant infringed his copyright in his expression as embodied in the photo. Such an act on defendant's part is covered by the Copyright Act of 1976 and plaintiff's claim is therefore preempted."). Because Lopez's claim for conversion is coextensive with an exclusive right already protected by the Copyright Act, it is preempted.

Google represented in that submission that (1) even though Google had agreed to accept a service waiver under Federal Rule of Civil Procedure 4(d), Lopez formally served Google on January 4, 2017; (2) Lopez refused to consent to a 30-day extension on the ground that Google was provided a courtesy copy of the FAC prior to service; and (3) Lopez wrote to Google to indicate that he "will not be extending any courtesies at all to Google" throughout the litigation. (*Id.*) Lopez characterized these as false statements meant to deceive the Court. (Dkt. No. 9.)

In the proposed Second Amended Complaint, Lopez alleges that Wilson Sonsoni Goodrich & Rosati, PC and Brian M. Willen, while acting as Google's counsel in this case, "submitted a Letter Motion Pleading to the Court in this action containing materially false representations of fact in an effort to deceive and persuade the Court into granting it an extension of time to file an Answer to the First Amended Complaint filed in this action." (Dkt. No. 13-1 ¶ 34; *see also id.* ¶¶ 5, 64.) Accordingly, Plaintiff seeks to add a seventh count to the complaint, alleging fraud against Google's counsel. (*Id.* ¶¶ 62-65.)

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend should be given "freely . . . when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "Under this standard, courts grant leave to amend unless the proposed amendment is futile, the amendment would unduly prejudice the opposing party, or the movant has unduly delayed, acted in bad faith, or repeatedly failed to cure deficiencies in previous pleadings." *Danaher Corp. v. The Travelers Indem. Co.*, No. 10 Civ. 121, 2016 WL 1255739, at *3 (S.D.N.Y. Mar. 30, 2016). "For *pro se* litigants, broad leave to replead is generally appropriate, since they lack the legal acumen and experience to differentiate successful claims from unsuccessful ones." *Moriates v. City of N.Y.*, No. 13 Civ. 4845, 2016 WL 3566656, at *2 (E.D.N.Y. June 24, 2016). Google opposes Plaintiff's motion to amend on the ground that it is both futile and frivolous. (Dkt. No. 15 at 1.)

Under New York law, "[t]he elements of a fraud cause of action consist of 'a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.'" *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 827 (2016) (second alternation in original) (quoting *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 178 (2011)). The proposed Second Amended Complaint (Dkt. No. 13-1) does not identify any particular statement made by Google's counsel. Nor does it allege that the Plaintiff relied upon any statement made by Google's counsel or provide any allegation of injury. For these reasons, the motion to amend to add allegations of fraud must be denied.

## IV. Conclusion

For the foregoing reasons, Google's motion to dismiss is GRANTED and Plaintiff's motion to amend is DENIED.

The Clerk of Court is directed to close the motions at Docket Number 13 and Docket Number 18, and to close the case.

SO ORDERED.

Dated: August 1, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*